■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant.

■ Memorandum: The court did not err in denying defendant's motion to sever his trial from that of his codefendants. Whether to grant a motion to sever is in the court's discretion (CPL 200.40; *People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905) and the court is not required to sever where the motion is untimely or where the possibility of a codefendant testifying in a manner antagonistic to the defendant is colorable or speculative *(see, People v Bornholdt, supra).* Defendant did not move to sever on the ground urged on appeal, viz., that his codefendant's testimony might be antithetical to his position, until the close of the People's case. Even then defendant did not offer proof as to what the testimony would be, but offered merely a conclusory allegation that it would be inimical to his position. There was thus no abuse of discretion in the court's denial of defendant's untimely and unsupported motion to sever. Further, we conclude that there was no prejudice as a result of the joint trial. The testimony of the codefendant was obviously not believed

by the jury inasmuch as the jury convicted all of the codefendants. The evidence apart from the codefendant's testimony was overwhelming and we perceive no "injustice or impairment of substantial rights unseen at the beginning" *(People v Fisher,* 249 NY 419, 427).

Nor was it error for the court to deny defendant's motion for a mistrial based upon the unsolicited comments from a codefendant that defendant was a "runner" who had a "criminal history". The court sustained objections to those comments and gave curative instructions directing the jury to disregard the comments.

Finally, the prosecutor's remarks on summation, although artless and inappropriate, did not deprive defendant of a fair trial. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—rape, first degree, and other offenses.) Present— Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.