■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered October 23, 1987, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, we discern no error in the denial of his motion for a severance. The record reveals that on the eve of trial the defendant moved to sever his case from that of his codefendant on the ground, *inter alia,* that should he choose to testify, the court's *Sandoval* rulings would not prevent the codefendant's counsel from inquiring about his prior convictions, thus inhibiting him from testifying to a position antagonistic to the codefendant.

It is well settled that severance motions are directed to the sound discretion of the trial court *(see, People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905).* However, the movant must first demonstrate by concrete evidence that the defendants' positions are antagonistic to one another *(see, People v Larkin,* 135 AD2d 834; *People v Johnson,* 124 AD2d 1063). When the possibility of one defendant testifying in a manner antagonistic to another defendant is merely colorable or speculative, the court has discretion to deny the severance motion *(see, People v Johnson, supra).* In the instant case, the defendant failed to establish a proper showing of need for a severance. The defendant's counsel offered no evidence to support the claim that but for the joint trial the defendant would have testified to facts that were in some way antagonistic to the codefendant's position. Accordingly, the court did not improvidently exercise its discretion in denying the motion.

We find unpersuasive the defendant's contention that he was denied a fair trial because evidence of prior uncharged crimes was improperly admitted at trial. Specifically, the defendant points to the complainant's testimony that when the defendant first approached him he asked where he could purchase crack, and to testimony by an arresting officer that marihuana was found in the back seat of the car that the defendant was driving when apprehended. While evidence of unconnected, uncharged prior crimes is generally inadmissible *(see, People v Molineux,* 168 NY 264), such evidence may be

admissible to complete the narrative of the crime charged *(see, People v Gines,* 36 NY2d 932; *People v Tabora,* 139 AD2d 540; *People v Brockington,* 126 AD2d 655). The complainant's testimony that the defendant asked him where he could purchase crack was necessary to complete the narrative of events. Moreover, while the inadvertent introduction of the testimony of one of the arresting officers that marihuana was found in the car was error, the error was not so egregious as to warrant a mistrial, and the court's subsequent curative instruction was sufficient to obviate any prejudice to the defendant *(see, People v Santiago,* 52 NY2d 865; *People v Jalah,* 107 AD2d 762).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.