■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. KIRKLAND, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]), burglary in the third degree (Penal Law § 140.20), criminal possession of a forged instrument in the second degree (Penal Law § 170.25), four counts of petit larceny (Penal Law § 155.25) and three counts of criminal possession of stolen property in the fifth degree (Penal Law § 165.40). During the selection of the jury, defendant requested that new counsel be assigned. He complained that his assigned counsel had not adequately represented him and that he could not continue with his present counsel. Defendant also threatened to disrupt the proceedings if he was compelled to be present with his assigned counsel.

The trial court did not abuse its discretion in denying defendant's request for substitution of counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment

of successive lawyers at defendant's option" *(People v Sides,* 75 NY2d 822, 824; *People v Sawyer,* 57 NY2d 12, 18-19, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178). A request for a substitution of counsel may not be used to delay the orderly administration of justice, and it is incumbent upon the defendant to show " 'good cause' " for the desired substitution *(People v Sides, supra,* at 824; *People v Medina,* 44 NY2d 199, 207). The court was fully apprised of defendant's complaints and was able to evaluate their authenticity. Defendant's complaint that he wanted to testify but did not want to testify in the manner suggested by counsel was belied by the fact that he failed to take the stand even after the court ruled that the prosecutor could not inquire into any aspect of his extensive criminal history. It cannot be said that the court abused its discretion in denying the request for new counsel.

Likewise, the court did not abuse its discretion in denying defendant's request for a mistrial after one of the People's witnesses made reference to defendant's "prior problems with the law" and "predicate felon" status. While the unsolicited testimony was clearly improper, it cannot be said that defendant was deprived of a fair trial *(see,* CPL 280.10 [1]). The testimony was not highlighted by an objection and defense counsel declined the offer of a curative instruction. Furthermore, the court's offer to revise its previous *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) and permit defendant to testify without allowing cross-examination of any prior criminal matters, was an appropriate sanction.

We conclude that the evidence was legally sufficient to sustain the convictions. Additionally, defendant failed to preserve for review his objections to the jury instructions and alleged improper remarks in the prosecutor's summation, and we decline to reach those issues in the interest of justice (CPL 470.15 [6]). We have examined the remaining issues raised on appeal, including those in the *pro se* supplemental brief, and find them to be without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.