■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL NUNEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered October 1, 1987, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant moved to suppress statements he made to law enforcement officials on the ground that they were obtained as a result of an unlawful arrest. He contends that the People lacked probable cause for his arrest because the informant—a suspect in the crimes, and later, a codefendant—was inherently unreliable. We disagree. The information provided to the police by the informant, which included a detailed account of the defendant's alleged role, identification of the crime scene and the defendant's car, and other facts which the police were able to confirm by their own independent investigation and observations, constituted probable cause for the defendant's arrest *(see, People v Rodriguez,* 52 NY2d 483, 489-490; *People v Crayon,* 139 AD2d 840; *see also, People v Richardson,* 133 AD2d 784).

We also find unavailing the defendant's contention that the trial court committed reversible error when it failed to substitute his trial counsel subsequent to his complaint concerning the adequacy of her representation. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" *(People v Sides,* 75 NY2d 822, 824; *People v Kirkland,* 177 AD2d 946, 947). However, a

defendant may be entitled to new assigned counsel if he demonstrates "good cause" for the substitution, such as a conflict of interest or other irreconcilable conflict with counsel *(People v Sides, supra; see, People v Kirkland, supra; People v Medina,* 44 NY2d 199, 207). The trial court did not improvidently exercise its discretion in refusing the defendant's request for the appointment of new trial counsel. The defendant failed to demonstrate "good cause" for the substitution *(see, People v Sawyer,* 57 NY2d 12, 19, *cert denied* 459 US 1178). Neither the defense counsel's status as a former Assistant District Attorney nor the fact that she purportedly visited the defendant only twice during his incarceration prior to the trial constituted the kind of irreconcilable conflict contemplated by *People v Medina (supra)* and its progeny. Moreover, the defense counsel's papers submitted in support of her omnibus motion demonstrate that she was competent *(see, People v Jones,* 180 AD2d 427).

Nor did the defense counsel's failure to call a purported alibi witness to testify constitute ineffective assistance of counsel. Viewing the totality of the circumstances, it is apparent that counsel provided "meaningful representation" so as to satisfy the constitutional requirement of effective assistance of counsel *(People v Baldi,* 54 NY2d 137, 147; *see, People v Claytor,* 137 AD2d 760, 761; *People v Brown,* 117 AD2d 741, 742).

The sentence was appropriate *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.