■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DEAN, Appellant. [613 NYS2d 365] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered March 25,

1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, 4½ to 9 years, and 2 to 4 years, respectively, unanimously affirmed.

Contrary to defendant's argument on appeal, the prosecutor's summation comments that the location of defendant's arrest was irrelevant, that the defense theory would have the police ignore crimes committed in their presence whenever en route to other crimes, and that the claim of frame-up was implausible were appropriate response to the defense summation and "did not exceed the broad bounds of rhetorical comment permissible in closing argument" *(People v Galloway,* 54 NY2d 396, 399). Nor is there merit to defendant's *pro se* argument that he was arrested without probable cause, the evidence at the suppression hearing being that defendant, when asked what he had to sell, voluntarily displayed plastic bags from his pocket that contained vials of what appeared to be crack cocaine. Defendant's *pro se* additional claim that the accusatory instrument was facially insufficient and that the trial court therefore lacked jurisdiction is belatedly made and may not be reviewed at this juncture of the proceedings (CPL 210.30 [6]; *see, People v Thomas,* 148 AD2d 883, 884, *lv denied* 74 NY2d 748). Concur—Carro, J. P., Rosenberger, Kupferman, Nardelli and Tom, JJ.