■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McCaskell, Appellant. [630 NYS2d 66] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered March 26, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Based upon information provided by a confidential informant working pursuant to a cooperation agreement, the Queens Tactical Narcotics Task Force targeted defendant for an investigation. About a year later, the informant advised the police that defendant was planning to make a drug purchase in Manhattan. Through a series of phone calls from the informant, the police learned the location and time of the purchase and prepared to arrest defendant. At the scene, defendant and others were apprehended. Defendant was charged with possession of $4^3/8$ ounces and 21.4 grains of cocaine.

Defendant's claim that the People failed to establish beyond a reasonable doubt that he knowingly possessed four ounces or more of cocaine (*People v Ryan*, 82 NY2d 497) is unpreserved for appellate review as a matter of law by appropriate objection to the court's charge or motion to dismiss specifically directed at the alleged insufficiency (*People v Gray*, 86 NY2d 10), and we decline to review the issue in the interest of justice.

We reject defendant's contention that he was denied a fair trial because an undercover officer testified that he had seen defendant in a photograph and during the course of police surveillance. While a witness may not testify to a previous photographic identification of the defendant, for example, at the police station (*People v Griffin*, 29 NY2d 91, 93), because "photographs are subject to ready distortion affecting the accuracy of an identification * * * [and] reference to photographs

creates the prejudicial inference that the police had a 'mug shot' of the defendant and therefore he must have had a prior arrest record" (*People v Brewster*, 100 AD2d 134, 139, *affd* 63 NY2d 419), this rule does not preclude all references to photographs. Here, the officer's prior viewings of photographs of defendant were not necessary to connect him with the drug purchase for which he was on trial (*cf., People v Griffin, supra*).

Nor is there merit to defendant's largely unpreserved claim that the prosecutor effectively shifted the burden of proof by indicating to the jury, on several occasions, that it had to find that the People's witnesses had all lied in order to acquit. We find that the prosecutor's summation was fairly responsive both to defendant's direct attack on the credibility of the People's witnesses (*People v Nai Hing Liang*, 208 AD2d 401) and to defendant's position (*People v Dean*, 205 AD2d 361, *lv denied* 84 NY2d 824).

Defendant's argument that the prosecutor violated the unsworn witness rule by vouching for the veracity and credibility of the People's witnesses (*People v Bailey*, 58 NY2d 272, 277; *People v Hicks*, 102 AD2d 173) is similarly without merit. The challenged remarks were entirely appropriate in view of defendant's summation attacking the witnesses' credibility (*People v Robinson*, 203 AD2d 165, *lv denied* 83 NY2d 971). In any event, in view of the overwhelming evidence of guilt, the prosecutor's remarks, if at all improper, constitute harmless error (*People v Crimmins*, 36 NY2d 230).

We find the court adequately instructed the jury with regard to assessing the credibility of the informant-witness even absent a specific instruction to consider the benefit that the informant received under his cooperation agreement as a result of his participation in this case. A general instruction to consider the interest or bias of any witness when assessing credibility will suffice where, as here, the informant was "subjected to rigorous and intensive cross-examination" about the benefit received (*People v Inniss*, 83 NY2d 653, 657, 659).

Notice to the defendant of the People's intention to offer three statements made by him to the confidential informant was not required under CPL 710.30, as those statements were part of the res gestae. Moreover, contrary to his contention on appeal, defendant did not have a right to the discovery of these statements since CPL 240.20 (1) (a) specifically limits a defendant's statutory right of discovery to statements "other than [those made] in the course of the criminal transaction".

We also reject defendant's *pro se* arguments that the stipulation on the chemist's testimony as to the weight of the

substance seized resulted in a waiver of his constitutional right to confront that witness that was not made knowingly, voluntarily and intelligently. "To require that a trial court interject itself into the case at each new step in order to inquire as to a defendant's understanding, absent any indication of incompetence on the part of defendant or counsel, is utterly unreasonable. We know of no authority in this State which purports to impose such a requirement." (*People v Mills*, 103 AD2d 379, 383.) Nor do we find that defendant's trial counsel was ineffective because he entered into this stipulation rather than challenging that testimony.

Finally, we perceive no abuse of sentencing discretion in the court's decision to impose the maximum sentence in this case (*People v Delgado*, 178 AD2d 275, *affd* 80 NY2d 780). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Nardelli, JJ.