THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY WILLIAMS, Appellant. [634 NYS2d 158] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 3, 1994, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

A defendant's right to be present at trial may be forfeited where he deliberately absents himself from the trial *(see, People v Sanchez,* 65 NY2d 436). The defendant failed to appear for jury deliberations, during which portions of the transcript were read to the jury. "Before proceeding in the defendant's absence, the court should have made inquiry and recited on the record the facts and reasons it relied upon in determining that defendant's absence was deliberate" *(People v Brooks,* 75 NY2d 898, 899). The court's failure to conduct an inquiry into the defendant's absence on the record coupled with the court's reading back of portions of the transcript in the defendant's absence necessitate reversal *(see, People v Carroll,* 196 AD2d 546).

We find no merit to the defendant's remaining contentions. Bracken, J. P., Sullivan, Miller and Florio, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WILLIAMS, Appellant. [635 NYS2d 491] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered December 2, 1994, convicting him of escape in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in denying the defendant's request for new counsel since the defendant failed to show good cause for a substitution *(see, People v Sides,* 75 NY2d 822; *People v Nunez,* 186 AD2d 764). Moreover, contrary to his contention, the defendant received the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137). The defendant's attorney negotiated an advantageous plea agreement that substantially limited the defendant's exposure to imprisonment *(see, People v Ladelokun,* 192 AD2d 723; *People v Nicholls,* 157 AD2d 1004). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.