■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD McCRAY, Appellant. [643 NYS2d 282] —Judgment unanimously affirmed. Memorandum: Defendant contends that reversal is required because the People failed to include on their prospective witness list a witness who testified at trial. Because that contention was not properly raised at trial, it has not been preserved for our review (*see, People v Graves*, 85 NY2d 1024; *People v Stephens*, 84 NY2d 990, 991-992; *People v Stewart*, 81 NY2d 877, 878-879). Likewise unpreserved for our review is defendant's contention that Supreme Court committed reversible error when it failed to ask the jurors whether they knew or were related to that witness (*see*, CPL 470.05 [2]; *People v Graves, supra; People v Stephens, supra*). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Defendant further contends that the court erred in denying his motion for a mistrial following the witness's testimony that defendant stated before the robbery, "I'm going to rob somebody because I need some quick money before I go to jail". We disagree. The reference to "robbing somebody" was properly received as an admission inconsistent with defendant's innocence (*see, People v Harris*, 148 AD2d 469). The unsolicited reference to defendant going to jail, however, was inadmissible (*see, People v Kirkland*, 177 AD2d 946, *lv denied* 79 NY2d 859;

*see also, People v Guise,* 179 AD2d 1027, *lv denied* 79 NY2d 1001). Although the court denied the motion for a mistrial, it gave a curative instruction that the jury was to disregard completely the witness's reference to defendant going to jail, thereby alleviating any prejudice (*see, e.g., People v Brooks,* 213 AD2d 999, *lv denied* 85 NY2d 970; *People v Guise, supra; People v Johnson,* 124 AD2d 1063, 1064, *lv denied* 69 NY2d 951). Thus, we conclude that the court did not abuse its discretion in denying defendant's motion (*see, People v Young,* 48 NY2d 995, 996, *rearg dismissed* 60 NY2d 644; *People v Guise, supra; People v Kirkland, supra; People v Mosley,* 170 AD2d 990, 991, *lv denied* 77 NY2d 964).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.