■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GARCIA, Appellant. [673 NYS2d 91] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 24, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a prison term of 9 years, unanimously affirmed.

The court properly exercised its discretion in denying his request for new counsel without further inquiry, where such request was made as the trial was about to commence and after the denial of defendant's motion to suppress, since defendant failed to establish good cause. The court's inquiry, consisting of permitting defendant ample opportunity to be heard, resulting in defendant's repetition of the same conclusory claims, was sufficient. Defendant's general complaints of dissatisfaction with his counsel were insufficient to establish the existence of a breakdown in communication or a serious irreconcilable conflict (*see, People v Davis*, 232 AD2d 224, *lv denied* 89 NY2d 941; *People v Witherspoon*, 204 AD2d 186, *lv denied* 84 NY2d 835). Although defense counsel joined in defendant's request for new counsel, he did not elaborate or explicitly acknowledge that there had been a breakdown of communication warranting further inquiry by the court (*see, People v Sides*, 75 NY2d 822, 825). Moreover, since the court's own observations of counsel's conduct during the pretrial proceedings convincingly undercut defendant's assertions, the court correctly concluded that defendant's request for new counsel was a delaying tactic.

The court properly granted the People's request for a missing witness charge with respect to defendant's two stepbrothers, who, according to defendant's testimony, were in his stepmother's apartment with him at the time of the crime, or sufficiently close in time to corroborate his alibi defense. The stepbrothers were under defendant's control in view of the familial connection and defendant's testimony that he had intermittently resided in his stepmother's apartment with his stepbrothers for six years prior to his arrest. Moreover, defendant failed to carry his burden of establishing that the stepbrothers were unavailable (*see*, *People v Ramos*, 205 AD2d 404, *lv denied* 84 NY2d 831). Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.