■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLLIE PLESS, Also Known as BARTHOLOMEW CRAWFORD, Also Known as ISAIAH GILLESPE, Appellant. [685 NYS2d 8] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered April 19, 1994, convicting defendant, after a jury trial, of burglary in the second degree and petit larceny, and sentencing him, as a second violent felony offender, to concurrent terms of 5 to 10 years and 1 year, respectively, unanimously affirmed. Judgments, same court (Budd Goodman, J.), rendered June 27 and July 14, 1994, convicting defendant, upon his pleas of guilty, of attempted burglary in the first degree and burglary in the third degree, and sentencing him, as a second violent felony offender, to a term of 5 to 10 years on the attempted burglary conviction, to run consecutively to the above prison terms, and a term of 2½ to 5 years on the burglary conviction, to run concurrently with the above prison terms, unanimously affirmed. Order, same court (Jay Gold, J.), entered on or about April 23, 1997, denying defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

The trial court properly denied defendant's eve-of-trial request for a new attorney, since the defendant's unsupported claim that his attorney's consultations with him were brief was insufficient to establish the good cause necessary to require the substitution of assigned counsel (see, People v Nunez, 186 AD2d 764). The court provided defendant with ample opportunity to state his complaints and sufficiently addressed defendant's concerns about his attorney's competence (see, People v Garcia, 250 AD2d 421, lv denied 92 NY2d 897).

The challenged remarks of the prosecutor on summation were responsive to defendant's summation (see, People v McCaskell, 217 AD2d 527, 528, lv denied 87 NY2d 848) and did not otherwise deprive him of a fair trial.

The court's denial of defendant's CPL 440.10 motion to vacate his conviction was proper.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.