People v Bishop (2021 NY Slip Op 02172)





People v Bishop


2021 NY Slip Op 02172


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-04320
 (Ind. No. 1141/14)

[*1]The People of the State of New York, respondent,
v
Ronald Bishop, appellant.


Alan Katz, Garden City Park, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Madeline Collins of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered March 15, 2019, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, unlawful possession of marihuana, criminal possession of marihuana in the fifth degree, criminally using drug paraphernalia, unauthorized angled parking, aggravated unlicensed operation of a motor vehicle in the third degree, and unlicensed operation of a motor vehicle, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, who was apprehended while sitting in a vehicle, was accused of various crimes. Defense counsel's trial strategy was to acknowledge the defendant's guilt of certain counts, and to argue that the crack cocaine recovered by the police did not belong to the defendant, he did not know it was present in the vehicle, the drugs may have belonged to his companion who pleaded guilty, and the police gave false testimony to implicate the defendant. Contrary to the defendant's contention, defense counsel's strategic decision to enter into a stipulation that the alleged crack cocaine recovered was in fact crack cocaine was not inconsistent with that defense and did not constitute ineffective assistance of counsel (see People v Benn, 68 NY2d 941, 942; People v McCaskell, 217 AD2d 527, 528-529).
Nor did the defendant demonstrate that defense counsel was ineffective for failing to object to certain testimony of an experienced narcotics officer, who testified as to the practices of drug sellers (see People v Every, 146 AD3d 1157, 1166, affd 29 NY3d 1103). Further, defense counsel did in fact object to substantial portions of that witness's testimony. Under the circumstances presented, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for any of defense counsel's alleged shortcomings (see People v Taylor, 1 NY3d 174, 176; People v Robinson, 160 AD3d 991, 992).
Moreover, the defendant failed to preserve for appellate review his contention that the Supreme Court improperly penalized him for his repeated failure to appear for sentencing, as [*2]defense counsel did not advance this argument at the time of sentencing (see People v Hurley, 75 NY2d 887, 888; People v Grasso, 163 AD3d 991, 993). In any event, the contention is without merit. Moreover, the sentence imposed was not excessive (see People v Gee, 149 AD2d 728; People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court