THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE CLAYTOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered September 19, 1979, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE CLAYTOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered June 20, 1979, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court improperly admitted into evidence the substance of conversations between an undercover police officer and a coconspirator. Declarations by a conspirator made during the course of and in furtherance of the conspiracy are admissible against a coconspirator as an exception to the hearsay rule provided that the prosecution establishes a prima facie case of conspiracy independent of the

declarations *(see, People v Sanders,* 56 NY2d 51, *rearg denied* 57 NY2d 674; *People v Salko,* 47 NY2d 230, *remittitur amended* 47 NY2d 1010, *rearg denied* 47 NY2d 1010, 1012; *People v Bongarzone,* 116 AD2d 164, *affd* 69 NY2d 892). We find that the People met this burden. Furthermore, the circumstances surrounding the declarations presented sufficient indicia of reliability so that admission of the statements did not violate the defendant's right to confrontation *(see, People v Negron,* 122 AD2d 894, *lv denied* 69 NY2d 714).

The defendant contends that he was deprived of effective assistance of counsel because his attorney failed to present an alibi defense based in part on a hospital record. However, this record, subsequently submitted on a CPL 330.30 motion, indicates that the defendant left the hospital emergency room at least one hour prior to the time he was observed by several police officers at the scene of the drug sale. Nor are we persuaded that the defense counsel failed to offer meaningful representation simply because he failed to obtain the testimony of a potential alibi witness when that witness left the State prior to the trial and did not contact the defendant until after the trial. The circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant was not deprived of effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

The sentence imposed upon the defendant, which was the minimum possible under the statute *(see, People v Festo,* 96 AD2d 765, *affd* 60 NY2d 809), does not constitute cruel and unusual punishment *(see, People v Donovan,* 59 NY2d 834).

We have examined the defendant's remaining contentions, including those raised in *pro se* brief, and find that they do not warrant reversal of his conviction *(see, People v Hewlett,* 133 AD2d 417). Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.