■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES STEWART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered April 24, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under Indictment No. 11076/88, upon a jury verdict, and imposing sentence, and from an amended judgment of the same court, also rendered April 24, 1989, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fourth degree under Indictment No. 8214/86.

Ordered that the judgment and the amended judgment are affirmed.

The defendant contends that the trial court improperly admitted into evidence the hearsay statement of the codefendant Benito Ruiz to an undercover police officer. The statement at issue was properly admitted against the defendant pursuant to a recognized exception to the hearsay rule, *i.e.,* as a declaration of a coconspirator made during the course of and in furtherance of a conspiracy *(see, People v Sanders,* 56 NY2d 51, 62; *People v Salko,* 47 NY2d 230, 237). Although the defendant was not charged with conspiracy, the evidence was admissible since it tended to prove the defendant's "commission of a substantive crime for which the conspiracy was formed" *(People v Salko, supra,* at 237). Furthermore, the People met their burden of establishing a prima facie case independent of the statement in question that the defendant and the codefendant had conspired to sell cocaine to the undercover police officer *(see, People v Sanders, supra; People v Bisnett,* 144 AD2d 567, 570; *People v Claytor,* 137 AD2d 760; *see also, People v Comfort,* 151 AD2d 1019, 1020). We further conclude that the admission of the statement at issue did not violate the defendant's right to confrontation *(see, People v Sanders, supra; People v Salko, supra).* The codefendant who absconded subsequent to his arrest, was unavailable and the

circumstances surrounding his declaration presented sufficient indicia of its reliability *(see, People v Sanders, supra; People v Claytor, supra; see also, People v Comfort, supra).*

The defendant contends that the trial court's charge on the defendant's right not to testify went beyond the statutory language *(see,* CPL 300.10 [2]). However, no objection was raised by defense counsel to the charge as given. The issue is therefore unpreserved for appellate review *(see, People v Autry,* 75 NY2d 836; *People v Wilson,* 162 AD2d 747) and we decline to reach it in the exercise of our interest of justice jurisdiction *(see,* CPL 470.15 [6]).

Lastly, we find the defendant's allegations of prosecutorial misconduct are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or are without merit *(see, People v Bartolomeo,* 126 AD2d 375). Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.