◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARISH STREETER, Appellant. [653 NYS2d 901] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of robbery in the first degree and burglary in the first degree, defendant contends that he was deprived of his right to effective assistance of counsel based on counsel's failure to call two purported alibi witnesses subpoenaed by defendant to testify at trial. Because the record does not disclose the reason the witnesses were not called, "we presume it was based upon sound trial strategy and did not deprive defendant of a fair trial" (*People v Smith*, 115 AD2d 304; *see, People v*

*Baldi*, 54 NY2d 137, 147; *People v Nunez*, 186 AD2d 764). County Court properly denied without a hearing defendant's motion to set aside the verdict on the ground of ineffective assistance of counsel because the moving papers do not "contain sworn allegations of all facts essential to support the motion" (CPL 330.40 [2] [e] [ii]; *see generally, People v Crippen*, 196 AD2d 548, *lv denied* 82 NY2d 848; *People v Harris*, 131 AD2d 142).

Defendant's further contention that the identification evidence is legally insufficient has not been preserved for our review by a "motion to dismiss ' "specifically directed" ' at the alleged defects in the proof" (*People v De Jac*, 219 AD2d 102, 106, *lv denied* 88 NY2d 935; *see, People v Gray*, 86 NY2d 10, 19; *People v Perkov*, 270 AD2d 960). In any event, that contention lacks merit (*see, People v Cabey*, 85 NY2d 417, 420-421; *People v Bleakley*, 69 NY2d 490, 495).

Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (*see*, CPL 470.15 [6] [b]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.