■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NICHOLAS PAPATONIS, Respondent. [663 NYS2d 341] —Crew III, J. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered December 16, 1996, which granted defendant's motion to dismiss the indictment.

In May 1996 defendant sought employment with Advance Security, Inc., a security company that provided security officers for the Tompkins County Airport. In that regard, defendant met with Kenneth Becker, branch manager for Advance Security, at which time Becker explained that defendant had to, among other things, complete an application for security guard registration to be filed with the State in order to receive

a State security guard license and, further, that defendant had to be so licensed to be eligible for employment with Advance Security. Becker gave defendant the State application form, instructed him to fill it out completely and truthfully, and advised him that Advance Security would submit it to the State on his behalf. Defendant completed the application and in response to the question, "[h]ave you ever been convicted in this State or elsewhere of any criminal offense (other than a minor traffic offense)", he checked the box marked "No". In fact, defendant had been convicted in 1987 of the crime of attempted criminal sale of a controlled substance in the third degree, a felony. Thereafter, Becker forwarded defendant's registration application to the State. At the time that defendant prepared his State application, he also filled out an employment application with Advance Security and in response to the question, "[h]ave you ever been convicted of a felony in this State or elsewhere", he checked the box marked "No".

Defendant subsequently was indicted and charged with offering a false instrument for filing in the first degree (Penal Law § 175.35) and falsifying business records in the first degree (Penal Law § 175.10). Following his arraignment, defendant moved to dismiss the indictment contending, *inter alia*, that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged. County Court granted the motion and issued an order dismissing the indictment, from which the People now appeal.

In dismissing the first count of the indictment, County Court reasoned and defendant here asserts that because Advance Security, rather than defendant, sent the registration application to the State, defendant could not be found to have offered or presented it to a public office, that the registration application was not the type of public record contemplated by the statute and, further, because the application was a mere request for a background check that would be done regardless of defendant's false statement, it was not an instrument upon which anyone would rely. We will address those assertions ad seriatim.

While it is true that defendant did not personally file the registration application with the State, the evidence submitted to the Grand Jury demonstrates that defendant knew that the application had to be filed with the State in order for him to obtain a license and that Becker would file said application on his behalf. As such, the actual filing of the application with the State was properly attributed to defendant (*see, People v Bel Air Equip. Corp.*, 39 NY2d 48, 55-56). Moreover, although defendant did not himself file the registration application, he

intentionally aided Becker in the filing of such application by completing the same and giving it to Becker for that purpose (*see*, Penal Law § 20.00). The mere fact that Becker did not possess the necessary mens rea for the commission of the offense is no defense to defendant (*see*, Penal Law § 20.05 [1]).

With regard to County Court's holding that the registration application at issue here is not the type of public record contemplated by the statute, we agree with the People that the court failed to apply the statute's plain language. A "written instrument" is defined as "any instrument or article * * * containing written or printed matter * * * used for the purpose of * * * conveying * * * information * * * which is capable of being used to the advantage * * * of some person" (Penal Law § 175.00 [3]). Quite plainly, the application at hand was an instrument containing written matter filed with the State for the purpose of defendant obtaining a security guard license and was therefore capable of being used to his advantage (*cf., People v Kase*, 76 AD2d 532, 536-537, *affd* 53 NY2d 989).

Finally, a plain reading of the statute reveals that it does not require that the State rely upon defendant's false statement. To the contrary, it requires only that defendant file the statement with "intent to defraud". Clearly, the Grand Jury could determine that defendant falsely completed the registration application intending that the State issue a security guard license to him to which he otherwise was not entitled and that he therefore intended to defraud the State.

With regard to the second count of the indictment, we agree with County Court's determination that no view of the evidence before the Grand Jury would support a finding that defendant falsified the business records of Advance Security with the intent to commit another crime or to conceal the commission of such crime. More fundamentally, however, is the fact that in order to be found guilty of the second count of the indictment, it was incumbent that the Grand Jury evidence demonstrate that defendant made or caused to be made a false entry in the business records of Advance Security (*see*, Penal Law §§ 175.10, 175.05 [1]). By definition, a "business record" is restricted to records "kept or maintained" for the purpose of "evidencing or reflecting" the condition or activity of the business in question (Penal Law § 175.00 [2]). What is complained of here are false answers to questions contained in an employment application submitted to Advance Security which, presumably, Advance Security has kept on file. However, the Grand Jury evidence fails to establish that such application was "kept or maintained" for the purpose of evidencing or

reflecting the condition or activity of Advance Security, as indeed it could not (*see, People v Bel Air Equip. Corp.*, 46 AD2d 773, 774, *affd* 39 NY2d 48, *supra).*

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted the motion to dismiss count one of the indictment; motion denied to that extent and said count reinstated; and, as so modified, affirmed.