■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOUGLAS JACOB, THOMAS KELLY, RONALD KLUESNER, MICHAEL BERNARD and JAMES HARRINGTON, Respondents. [670 NYS2d 530] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mullen, J.), dated September 15, 1997, as granted the defendants' respective motions (1) to dismiss counts 1 through 8 of the indictment charging them with offering a false instrument for filing in the first degree and (2) reduce counts 9 through 16 of the indictment charging them with falsifying business records in the first degree to falsifying business records in the second degree.

Ordered that the order is reversed insofar as appealed from, on the law, the defendants' respective motions are denied, and the indictment is reinstated.

The Supreme Court incorrectly dismissed the first eight

counts of the indictment charging the defendants with offering a false instrument for filing in the first degree (*see,* Penal Law § 175.35) on the ground that the vouchers which formed the basis for the indictment did not constitute "written instruments" under Penal Law § 170.00 (1). The vouchers were prepared and submitted by the defendants, officials of the Town of Babylon, to the Associate Examiner of the State Comptroller's Office, who was performing an audit of the Town's financial condition (*see,* General Municipal Law § 30 [4]; § 34), to justify certain purported "chargebacks" to the Town's general fund from a separate capital fund. Contrary to the court's conclusion, Penal Law § 175.35 does not require that the content of these vouchers be accepted or relied upon by the government. Rather, only the intent to defraud need be proven (*see, People v Miller,* 70 NY2d 903; *see also, People v Bel Air Equip. Corp.,* 39 NY2d 48; *People v Kase,* 76 AD2d 532, *affd* 53 NY2d 989). The purpose of Penal Law § 175.35 is to guard against the *possibility* that officers of the State or its political subdivisions would act upon false or fraudulent instruments that had been filed with their offices in the belief that such documents were accurate (*see, People v Bel Air Equip. Corp., supra,* at 54). Furthermore, inasmuch as these vouchers could have been relied upon by the Associate Examiner and, thus, necessarily would have affected his findings and conclusions relating to the Town's financial condition in his final report filed with the State Comptroller (*see,* General Municipal Law § 35 [1]), they were "capable of being used to the advantage or disadvantage of some person" (Penal Law § 170.00 [1]).

Because the first eight counts of the indictment were erroneously dismissed, the court's concomitant reduction of the last eight counts of the indictment charging the defendants with falsifying business records in the first degree (*see,* Penal Law § 175.10) to falsifying business records in the second degree (*see,* Penal Law § 175.05) was improper. Accordingly, the indictment is reinstated in its entirety.

In light of the above determination, the People's remaining contention need not be addressed. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.