OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
Defendant applied for a job as an attorney’s assistant in the Appeals Bureau of the Nassau County District Attorney’s office in September 1997. She completed an employment application in which she stated that she had not been convicted of a crime. Following defendant’s employment with the Nassau County District Attorney’s office, it was discovered that she had been convicted of a felony in 1991. Thereafter, defendant was charged with offering a false instrument for filing in the second degree (Penal Law § 175.30). Defendant subsequently moved, inter alia, to dismiss the accusatory instrument on the ground that it was jurisdictionally defective. Said motion was denied by the court below. Following a jury trial, defendant was convicted of the aforementioned crime.
Contrary to defendant’s contention, her employment application is clearly contemplated within the definition of a written instrument (see Penal Law § 175.00 [3]; see also People v Papatonis, 243 AD2d 898 [1997]; Matter of Dean v Bradford, 158 AD2d 772 [1990]). The factual portion of the information, along with the supporting deposition, when given a fair and not overly restrictive or technical reading, provide defendant with sufficient notice to prepare a defense, are adequately detailed to prevent her from being tried twice for the same offense (see People v Casey, 95 NY2d 354 [2000]; People v Zambounis, 251 NY 94 [1929]), provide reasonable cause to believe that defendant committed the offense charged, and contain nonhearsay allegations of fact that establish, if true, every element of the offense charged (see CPL 100.40 [1]). Consequently, we find that the court below properly determined that the accusatory instrument is facially sufficient.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence adduced at trial could lead a rational trier of fact to determine, beyond a reasonable doubt, that the proof and burden requirements for every element of Penal Law § 175.30 were met in that defendant knew that her employment application (a written instrument) contained a false statement or false information which she offered or presented to the Nassau *881 County District Attorney’s office (a public office) with the knowledge or belief that it would become a part of the records of such office. Moreover, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence (see CPL 470.15; People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant’s remaining contentions are unpreserved for appellate review or lack merit.
Doyle, P.J., Winick and Skelos, JJ., concur.