THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE ADAMES, Appellant. [862 NYS2d 80]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Konviser, J.), rendered June 1, 2005, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the recorded telephone conversations between the codefendant and an undercover police officer, in which the logistics for the subject criminal drug transaction were arranged, were properly admitted into evidence. These conversations did not constitute hearsay, but rather, represented part of the criminal res gestae (*see People v Santos,* 38 AD3d 574 [2007], *cert denied* 552 US —, 128 S Ct 399 [2007]; *People v Thompson,* 186 AD2d 768 [1992]; *see also People v Rastelli,* 37 NY2d 240, 244 [1975], *cert denied* 423 US 995 [1975]).

The challenged statements also fit within the coconspirator exception to the hearsay rule (*see People v Caban,* 5 NY3d 143, 148 [2005]). Although the defendant was not charged with conspiracy, the statements were admissible because they were introduced to prove the commission of the substantive crime (*id.*). Furthermore, the People met their burden of establishing a prima facie case that the defendant and the codefendant had conspired to sell cocaine to the undercover officer (*see People v Stewart,* 173 AD2d 877 [1991]).

Finally, the admission of the codefendant's statements did not violate the defendant's right to confrontation because those statements were not testimonial (*see Crawford v Washington,* 541 US 36 [2004]; *People v Goldstein,* 6 NY3d 119 [2005], *cert denied* 547 US 1159 [2006]). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.