■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BASAGOITIA, Appellant. [865 NYS2d 313]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered January 26, 2005, convicting him of attempted murder in the first degree (two counts), attempted murder in the second degree (two counts), burglary in the first degree (two counts), burglary in the second degree, conspiracy in the second degree, conspiracy in the fourth degree, and assault in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court correctly denied his motion to strike portions of a coconspirator's testimony. The People met their burden of establishing a prima facie case of conspiracy independent of that coconspirator's testimony (*see People v Caban,* 5 NY3d 143, 148 [2005]; *People v Sanders,* 56 NY2d 51, 62 [1982]; *People v Adames,* 53 AD3d 503 [2008]). Therefore, that testimony was properly received under the coconspirator exception to the hearsay rule (*see People v Caban,* 5 NY3d at 148; *People v Sanders,* 56 NY2d at 62; *People v Adames,* 53 AD3d 503 [2008]).

The defendant contends that his right of confrontation under the State Constitution (*see* NY Const, art I, § 6) was violated

when one coconspirator testified that another coconspirator told him that the defendant was upgrading the plan and wanted to get rid of the complainants by any means necessary. While this contention is preserved for appellate review, the defendant's right of confrontation under the State Constitution (*see People v Bradley*, 8 NY3d 124, 126 [2006]; *People v Sanders*, 56 NY2d at 64-65; *People v Adames*, 53 AD3d 503 [2008]) was not violated, as this conversation was not testimonial in nature (*see Crawford v Washington*, 541 US 36, 51-52 [2004]; *People v Rawlins*, 10 NY3d 136, 146-147 [2008]; *People v Adames*, 53 AD3d 503 [2008]; *People v McBean*, 32 AD3d 549, 552 [2006]).

The defendant challenges the legal sufficiency of the evidence as to the counts of attempted murder in the first degree on the grounds that he could not be linked to those crimes based on a coconspirator's testimony and, in any event, that coconspirator's testimony was incredible as a matter of law. However, only the former ground is preserved for appellate review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Streeter*, 236 AD2d 857, 858 [1997]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to establish the counts of attempted murder in the first degree (*see People v Boyd*, 164 AD2d 800 [1990]). The defendant's challenges to the counts of burglary in the first and second degrees, conspiracy in the fourth degree, and assault in the first degree under Penal Law § 120.10 (1) are unpreserved for appellate review and, in any event, without merit.

Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d at 644-645; *People v Smith*, 32 AD3d 1291, 1292 [2006]).

While the challenged sentence is greater than that offered to the defendant in return for a plea of guilty, sentences imposed after trial may be more severe than those proposed in connection with a plea agreement (*see People v Pena*, 50 NY2d 400, 412 [1980], *cert denied* 449 US 1087 [1981]; *People v Garcia*, 47 AD3d 830, 831 [2008]). The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

To the extent that the defendant's contention, raised in his supplemental pro se brief, that he was denied the effective assis-

tance of counsel because his attorney failed to disclose a potential plea agreement to him relies on matters in the record, it is without merit (*see People v Fernandez*, 5 NY3d 813, 814 [2005]; *People v Goldberg*, 33 AD3d 1018, 1019 [2006]; *People v Rogers*, 8 AD3d 888, 890-891 [2004]). To the extent that the contention relies on matter dehors the record, we do not reach it.

In his supplemental pro se brief, the defendant also challenges certain comments the prosecution made in summation. However, all of the challenged comments were either fair comment on the evidence, were a fair response to the defense summation, or do not warrant reversal.

The remaining contentions raised in the defendant's supplemental pro se brief are unpreserved for appellate review and, in any event, without merit. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.