THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAIVERY TAYLOR et al., Appellants. [865 NYS2d 266]—

Appeal by the defendant Daivery Taylor, and separate appeal by the defendant Law Offices of Silverman & Taylor, from a judgment of the County Court, Nassau County (Brown, J.), rendered July 31, 2006, convicting them each of scheme to defraud in the first degree and offering a false instrument for filing in the first degree (four counts), after a nonjury trial, and imposing sentences.

Ordered that the judgment is reversed, on the law, the indictment is dismissed insofar as asserted against the defendants Daivery Taylor and Law Offices of Silverman & Taylor, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion, pursuant to CPL 160.50.

The defendants were charged in a 32-count indictment with, inter alia, engaging in a criminal enterprise, grand larceny, and insurance fraud, as well as of scheme to defraud in the first degree (one count) and offering a false instrument for filing in the first degree (four counts), of which they were convicted. On appeal, they contend the evidence was insufficient as a matter of law to sustain their convictions on any of these crimes. We agree.

A person is guilty of a scheme to defraud in the first degree when that person "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons" (Penal Law § 190.65 [1] [b]). It is "necessary to prove the identity of at least one person from whom the defendant so obtained property, but it shall not be necessary to prove the identity of any other intended victim" (Penal Law § 190.65 [2]).

The People failed to prove that the defendants obtained property from any person by means of "a systematic ongoing course of conduct with intent to defraud." The only proof as to any discrete sums of money and/or property obtained from anyone, other than of transfers and payments to and from the defendants themselves, was testimony from three injured accident victims that they received "settlements," apparently from insurance companies, or payments from the defendant Law Offices of Silverman & Taylor (hereinafter S & T). However, there is no proof that this money was obtained by false or fraudulent pretenses.

In fact, all of these accident victims testified at trial that they were involved in real accidents and suffered property damage and/or pain and suffering as a result thereof. Thus, there was a prima facie legitimate basis for the insurers to make those payments. The People did not challenge the legitimacy of the accidents.

Five accident victims testified at trial as to their visits to various medical clinics, individual chiropractors, therapists, and acupuncturists. Although the People's expert witness, physiatrist Philip Harris, testified that, in his opinion, some of the care provided was excessive or unnecessary, neither he nor anyone else provided proof as to any amounts paid for that care, let alone how much of it was excessive or even unwarranted. Harris also admitted that there can be reasonable disagreements as to the treatments and or tests that were warranted. Crucially, he refused to comment as to whether or not any of the accident victims who testified were or were not injured and/or whether or not they needed at least some of the treatment provided. In short, there was no testimony that "property with a value in excess of one thousand dollars" was obtained "from more than one person by false or fraudulent pretenses, representations or promises," let alone proof of an intent to defraud.

The evidence was also insufficient as to the four counts of offering a false instrument for filing in the first degree (*see* Penal Law § 175.35). Those counts charged that, on four different dates, and "knowing that a written instrument, namely a retainer statement, contained a false statement and false information, *and with the intent to defraud* the state and any political subdivision, public authority, and public benefit corporation of the state, [the defendants] offered and presented it to a public office, namely, the New York State Office of Court Administration (OCA) with the knowledge and belief that it would be filed with, registered and recorded in, and otherwise become a part of the records of OCA" (emphasis added).

As the Honorable William C. Donnino noted in his commentaries to Penal Law § 175.05, "[t]here is no Penal Law definition of 'intent to defraud.' It has been suggested that an intent to defraud should be 'purpose of leading another into error or to disadvantage.' *People v Briggins,* 1980, 50 N.Y.2d 302, 309, 428 N.Y.S.2d 909, 406 N.E.2d 766 (concurring opinion) (Jones, J.). And, while an intent to defraud is often for the purpose of gaining property or a pecuniary benefit, it need not be. *See People v Kase,* 1981, 53 N.Y.2d 989, 441 N.Y.S.2d 671, 424 N.E.2d 558, *aff'g* for reasons stated at 76 A.D.2d 532. In *Kase,* a prosecution for the filing of a false instrument, an intent to defraud was found where a person intentionally filed a false statement with a public office for the purpose of frustrating the State's power to fulfill its responsibility to carry out faithfully its own law. *See also* Black's Law Dictionary 423 (6th ed. 1990) ('*Intent to defraud* means an intention to deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation or power')" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 175.05, at 66).

In this instance, there was no proof of the required intent to defraud. As a representative from the New York State Office of Court Administration (hereinafter the OCA) testified, the retainer statements are meant to be filed but are not to be acted upon in any way, not even checked for accuracy. While the OCA representative testified that the OCA might provide the retainer statements to other agencies, the fact that information therein may have been false in no way impeded the State since the OCA did not check, verify, or rely upon that information. Thus, there was no proof that the filing of retainer statements with false information was for the purpose of leading another into error or disadvantage, or to frustrate the State's purpose in requiring the retainer statement to be filed in the first instance.

The proof was legally insufficient as to the individual defendant Daivery Taylor for the additional reason that there was no testimony that he personally signed and/or filed the four retainer statements. The only relevant testimony by the OCA representative was that the defendant S & T filed retainer statements for the accident victims who testified. While the retainer statements themselves were admitted into evidence, there was no statement by the OCA representative that the signatures were even legible, or that they were Taylor's signatures. Nor did the Trial Judge make a finding in this regard when rendering his verdict.

Accordingly, even viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally insufficient to establish the defendants' guilt of scheme to defraud in the first degree (*see People v Brigham,* 261 AD2d 43, 49-51 [1999]; *cf. People v Wolf,* 98 NY2d 105, 117-118 [2002]; *People v Taylor,* 304 AD2d 434, 435 [2003]; *People v Bastian,* 294 AD2d 882, 883-884 [2002]; Penal Law § 190.65 [1] [b]), and offering a false instrument for filing in the first degree (*cf. People v Niver,* 45 AD3d 1051, 1053 [2007]; *People v Burt,* 246 AD2d 919, 920-921 [1998]; *People v Papatonis,* 243 AD2d 898, 900 [1997]; *People v Chaitin,* 94 AD2d 705 [1983], *affd* 61 NY2d 683 [1984]; Penal Law § 175.35).

In light of our determination, we need not reach the parties' remaining contentions. Lifson, J.P., Florio, Carni and Belen, JJ., concur.