[926 NE2d 591, 900 NYS2d 237]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAIVERY TAYLOR et al., Respondents.

Argued January 5, 2010; decided February 11, 2010

APPEARANCES OF COUNSEL

*Andrew M. Cuomo, Attorney General*, New York City (*Monica Wagner, Barbara D. Underwood* and *Roseann MacKechnie* of counsel), for appellant.

*Anderson, Moschetti & Taffany, PLLC*, Latham (*Peter J. Moschetti, Jr.*, of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be reversed, the conviction of the Law Offices of Silverman & Taylor of four counts of offering a false instrument for filing in the first degree reinstated, and the case remitted to the Appellate Division for further proceedings in accordance with this memorandum.

Defendant Law Offices was convicted, following a nonjury trial in Nassau County Court, of four counts of offering a false instrument for filing in the first degree under Penal Law § 175.35, a class E felony. The People's theory of the case was that defendants, working with numerous others, engaged in a scheme to submit fraudulent claims to no-fault insurance carriers by having illegally solicited automobile accident victims exaggerate their injuries, receive excessive medical treatment,

and file inflated claims. As relevant to this appeal,* defendant Law Offices allegedly filed retainer statements with the Office of Court Administration (OCA) containing false representations as to the source of client referrals.

In reversing the conviction against defendant Law Offices, the Appellate Division concluded that the element of "intent to defraud" as required by Penal Law § 175.35 was not established because OCA did not itself "check, verify, or rely upon th[e] information" contained in the retainer statements (55 AD3d 640, 642 [2d Dept 2008]). We disagree with the Appellate Division's legal conclusion that Penal Law § 175.35 requires that the receiving agency take action in reliance upon the filing of such information and itself be misled to its detriment. The statute, by its plain terms, contains no such element. "Intent to defraud" refers only to a defendant's state of mind in acting with a conscious aim and objective to defraud (*see* Penal Law § 15.05 [1]; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 175.30, at 79-80).

We therefore remit to the Appellate Division for consideration of the facts under the proper legal analysis and, if necessary, of other issues raised but not determined on the appeal to that court.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, reversed, etc.

[926 NE2d 589, 900 NYS2d 235]

---

* Defendants were additionally convicted by County Court of a scheme to defraud under Penal Law § 190.65 (1) (b), which was reversed by the Appellate Division; the People do not challenge this here. Nor do the People appeal the Appellate Division's dismissal of the indictment against defendant Daivery Taylor.