THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAIVERY TAYLOR et al., Appellants. [919 NYS2d 62]—

The defendant Law Offices of Silverman & Taylor (hereinafter the defendant) was convicted of four counts of offering a false instrument for filing in the first degree, based upon its filing of retainer statements with the New York State Office of Court Administration that contained false or misleading information. The element of "intent to defraud," as articulated in the definition of the crime of offering a false instrument for filing in the first degree (Penal Law § 175.35) "refers only to a defendant's state of mind in acting with a conscious aim and objective to defraud" (*People v Taylor*, 14 NY3d 727, 729 [2010]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the element of intent to defraud and every other element of the crime of offering a false instrument for filing in the first degree with respect to the four counts of that crime of which the defendant was convicted (*see* Penal Law § 175.35; *Matter of Norman v Hynes*, 20 AD3d 125, 132 [2005]; *People v Jacob*, 248 AD2d 638, 639 [1998]; *People v Papatonis*, 243 AD2d 898, 900 [1997]; *People v Chaitin*, 94 AD2d 705 [1983], *affd* 61 NY2d 683 [1984]). Further, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt against the defendant with respect to these crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the eavesdropping evidence was inadmissible hearsay is not preserved for appellate review with respect to 5 of the 19 conversations admitted into evidence. In any event, the evidence was not hearsay, but properly admitted as part of the criminal res gestae (*see People v Adames*, 53 AD3d 503 [2008]; *People v Thompson*, 186 AD2d 768 [1992]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.