■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PEREZ, Appellant. [935 NYS2d 897]—

The two complainants saw the defendant carrying their laptop computers and other items while the defendant was leaving the apartment building in which one of the complainants resided. The complainants followed the defendant and retrieved their property from him. They were both able to view the defendant from several feet away. They also both immediately picked the defendant out of separate lineups.

At trial, defense counsel challenged a police sergeant's ability to remember a description of everything the complainants had told him after he responded to the scene of the crime. On redirect examination, the prosecutor asked the sergeant to state how one of the complainants described the defendant. The Supreme Court allowed the sergeant to answer over the defendant's objection. The jury ultimately found the defendant guilty of burglary in the second degree.

Contrary to the defendant's contention, the testimony elicited from the sergeant on redirect examination was not inadmissible hearsay, since it was not offered for the truth of the matter asserted, but only to establish the sergeant's ability to remember the description given by the complainant (see People v Huertas, 75 NY2d 487, 492 [1990]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]). Skelos, J.P., Hall, Austin and Miller, JJ., concur.