■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVERY GREEN, Appellant. [939 NYS2d 520]—

The defendant's contention that the prosecutor's opening statement failed to describe counts 35 through 37 of the indictment is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). The remaining challenged portions of the prosecutor's opening statement

"adequately described what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial" (*People v Larios*, 25 AD3d 569, 570 [2006]; *see* CPL 260.30 [3]; *People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]).

The County Court providently exercised its discretion in admitting the testimony of an expert witness concerning gangs, including their customs and violent practices. This evidence was probative of the defendant's motive, as well as explanatory of the defendant's actions and, thus, was critical to the jury's understanding of the relationship between the defendant and the victims (*see People v Aguilar*, 79 AD3d 899, 900 [2010]; *People v Scott*, 70 AD3d 977 [2010]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in permitting a witness to testify as to threats made to him prior to trial, as there was circumstantial evidence linking the defendant to those threats (*see People v Spruill*, 299 AD2d 374, 375 [2002]). "Such evidence is a factor upon which a jury can infer the defendant's 'consciousness of guilt' " (*People v Myrick*, 31 AD3d 668, 669 [2006], quoting *People v Cotto*, 222 AD2d 345, 345 [1995]; *see People v Kornegay*, 164 AD2d 868 [1990]).

After hearing a recording of a rap performance proffered by the People, the County Court admitted into evidence a transcript of lyrics from that performance, which had been written by the defendant or members of the gang with which the defendant was affiliated, and described crimes that the gang members committed or were going to commit. The defendant affirmatively waived his right, on appeal, to challenge the admission of the transcript, since he was represented by counsel when he stipulated to the admission of the transcript into evidence (*see People v Riley*, 79 AD3d 911, 912 [2010]).

The defendant argues that the admission into evidence of the testimony of an FBI special agent and a former New York State Police investigator (hereinafter together the law enforcement witnesses) concerning their understanding of other written rap lyrics, which were found in the defendant's bedroom, as well as the structure of the gang to which the defendant belonged, and the defendant's place in that hierarchy, violated his right to confront witnesses against him since it constituted testimonial hearsay (*see Crawford v Washington*, 541 US 36, 51-52 [2004]) and that, moreover, the testimony was "prejudicial." The admission of this testimony into evidence, however, does not warrant reversal.

The challenged testimony was based on, among other things,

transcripts of wiretapped conversations between and amongst members of the gang to which the defendant belonged, including the defendant himself, personal observations made and investigations conducted by the law enforcement witnesses, and interviews with and questioning of former and current members of the defendant's gang conducted by the law enforcement witnesses.

Contrary to the defendant's contention, the testimony with respect to recorded telephone conversations between the defendant and other persons, including police informants, in which the logistics for numerous criminal acts were arranged, was properly admitted into evidence. These conversations represented part of the criminal res gestae and, thus, are not hearsay in the first instance (*see People v Taylor*, 82 AD3d 1016, 1017 [2011]; *People v Adames*, 53 AD3d 503 [2008]), let alone testimonial hearsay. Similarly, to the extent that the expert testimony based on the wiretap transcripts was not elicited to prove the truth of a declarant's statement, but for other reasons, that statement was not hearsay (*see People v Perez*, 91 AD3d 673, 673 [2012]), much less testimonial hearsay. Moreover, even if some of the declarations retrieved from the wiretapped conversations and repeated to the jury by the law enforcement witnesses meet the definition of common-law hearsay, those declarations do not constitute testimonial hearsay, since the declarants were not subject to formal or quasi-formal questioning when they made those declarations (*see generally Crawford v Washington*, 541 US at 68). Further, since the declarants were presumably unaware that their conversations were being wiretapped, they did not make those declarations with a reasonable expectation that the declarations would be used prosecutorially (*id.* at 51, 68; *see People v Clay*, 88 AD3d 14, 17-18 [2011]). Crucially, the defendant made no objection before the County Court—and makes no argument to this Court—that those declarations should have been excluded from evidence as simple nontestimonial hearsay. To the extent that the law enforcement witnesses testified as to any declarations made to them in the course of their questioning of gang members other than the defendant, the defendant correctly argues that this testimony was testimonial hearsay, and that its admission into evidence violated his Sixth Amendment right to confront witnesses against him (*see Crawford v Washington*, 541 US at 51-52; *People v Clay*, 88 AD3d at 17). However, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, any constitutional error arising from the admission into

evidence of testimonial hearsay was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Rush*, 44 AD3d 799, 800 [2007]).

To the extent that the defendant argues that the admission into evidence of the law enforcement witnesses' testimony was "prejudicial," any such prejudice must be balanced against the relevance of the testimony. The lyrics themselves were relevant to the issue of the defendant's consciousness of guilt (*see People v Wallace*, 59 AD3d 1069, 1070 [2009]), and both the lyrics and the testimony of the law enforcement witnesses concerning their understanding of the meaning of those lyrics were relevant to defendant's knowledge and intent (*see United States v Foster*, 939 F2d 445, 455 [1991]). Similarly, the testimony concerning the structure of the gang to which the defendant belonged, as well as his place in the gang hierarchy, was relevant to the context of the lyrics composed by the defendant and those found in his bedroom, and explained the relationship between the defendant and his coconspirators, along with their motives and intent (*see People v Cherry*, 46 AD3d 1234, 1237 [2007]; *People v Faccio*, 33 AD3d 1041, 1042 [2006]). Under the circumstances of this case, the relevance of this challenged evidence more than outweighed the potential prejudice to the defendant and, hence, the evidence was properly admitted over any objection based on prejudice (*see People v Russo*, 81 AD3d 666, 667-668 [2011]).

The testimony of a coconspirator was properly received into evidence under the coconspirator exception to the hearsay rule (*see People v Caban*, 5 NY3d 143, 148 [2005]; *People v Basagoitia*, 55 AD3d 619 [2008]).

The defendant's contention that the evidence was legally insufficient to establish his guilt with respect to enterprise corruption is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d at 492) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt with respect to enterprise corruption beyond a reasonable doubt (*see* CPL 470.05 [2]; Penal Law § 460.20; *People v Hawkins*, 11 NY3d at 492). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to enterprise corruption was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.