THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMEKA UKASOANYA, Appellant. [957 NYS2d 153]—

The defendant's contention that his convictions of attempted grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v McDaniel*, 84 AD3d 1410, 1411 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of these crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt with respect to these crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that his conviction of scheme to defraud in the first degree (*see* Penal Law § 190.65) was not supported by legally sufficient evidence is preserved for appellate review (*see* CPL 470.05 [2]), and we agree that the evidence was legally insufficient to establish his guilt of that crime beyond a reasonable doubt. A person is guilty of scheme to defraud in the first degree, as charged in this case, when he or she engages in a fraudulent scheme directed toward more than one person and "so obtains property with a value in excess of one thousand dollars from one or more such persons" (Penal Law § 190.65 [1] [b]). Here, it was alleged that the defendant, on 10 different occasions between October 29, 2004, and November 28, 2004, went into a Lowe's home improvement store and presented a fraudulently obtained charge card in order to steal merchandise by having it delivered to his warehouse. The jury acquitted the defendant of every count associated with every alleged transaction, except the counts relating to November 28, 2004. The sole transaction upon which the defendant was convicted involved Lowe's generators, which had not yet been delivered to the warehouse (*see People v Taylor*, 55 AD3d 640 [2008], *revd on other grounds* 14 NY3d 727 [2010]). Thus, the People failed to prove that the defendant "obtain[ed] property" worth more than $1,000 as a result of the alleged scheme to defraud (Penal Law § 190.65 [1] [b]). Accordingly, the conviction of scheme to defraud in the first degree and the sentence imposed thereon must be vacated, and count two of the consolidated indictment must be dismissed.

The defendant's contention that he was deprived of his right to present a defense because the Supreme Court denied his application to admit certain testimony of a defense witness at a *Franks* hearing (*see Franks v Delaware*, 438 US 154 [1978]), pursuant to CPL 670.10, is only partially preserved for appellate review (*see* CPL 470.05 [2]). In any event, because the *Franks* hearing was not a trial within the meaning of CPL 670.10 (*see People v Green*, 78 NY2d 1029 [1991]; *People v Ayala*, 75 NY2d 422 [1990], *cert denied* 513 US 888 [1994]; *People v Harding*, 37 NY2d 130 [1975]), and because the witness's testimony was not exculpatory (*see People v Robinson*, 89 NY2d 648, 654-657 [1997]), the Supreme Court did not err in denying the defendant's application.

The defendant's contention that the trial justice displayed actual bias during jury selection, but outside of the presence of the jury, by making certain references to the country from which the defendant had emigrated, Nigeria, and its alleged connection to identity theft, credit card theft, and financial fraud, is

unpreserved for appellate review because the defendant failed to make a recusal motion (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725, 726 [2004]; *People v Bedell*, 84 AD3d 1733 [2011]; *People v White*, 81 AD3d 1039 [2011]; *People v Marino*, 21 AD3d 430, 432 [2005], *cert denied* 548 US 908 [2006]; *People v Darling*, 276 AD2d 922 [2000]). In any event, the record does not support the defendant's bias claim (*see People v Argentieri*, 66 AD3d 558, 559 [2009]; *People v Casey*, 61 AD3d 1011, 1014 [2009]; *People v Love*, 307 AD2d 528, 532 [2003]; *People v Maxam*, 301 AD2d 791, 793 [2003]).

The defendant failed to preserve for appellate review his contention that part of the testimony offered by Joseph Coleman constituted an impermissible lay opinion (*see* CPL 470.05 [2]). Likewise, the defendant failed to preserve for appellate review his contention that part of the testimony offered by Detective Shy constituted improper bolstering (*see* CPL 470.05 [2]). In any event, any error in admitting this testimony was harmless, as there was overwhelming evidence of the defendant's guilt on the charges other than scheme to defraud in the first degree, and no significant probability that the error contributed to his convictions (*see People v Johnson*, 57 NY2d 969, 971 [1982]; *People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.