OPINION OF THE COURT
 

 Smith, J.
 

 May the Appellate Division impose a final sanction on an attorney who has been convicted of serious crimes as defined by Judiciary Law § 90 (4) (d), even though a final judgment of conviction for those crimes has not been rendered? We conclude that a final sanction may not be imposed absent a judgment of conviction for a serious crime. Consequently, we reverse the order of the Appellate Division which imposed the final sanction of disbarment on appellant.
 

 Appellant was admitted to the practice of law in New York State on April 13, 1983. On September 2, 1992, appellant pleaded guilty to the Federal crimes of tampering with a witness (18 USC § 1512), knowingly attempting to evade and defeat income tax (26 USC § 7201), and mail fraud (18 USC § 1341), in the United States District Court for the Southern District of New York. Appellant has yet to be sentenced for these crimes and will not be sentenced until his period of cooperation with Federal authorities has ended.
 

 After appellant’s guilty plea, respondent Grievance Committee for the Ninth Judicial District moved by order to show cause in the Appellate Division to strike appellant’s name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), which provides for automatic disbarment of an attorney convicted of a felony. Alternatively, the Grievance Committee sought interim suspension of appellant from the practice of law pursuant to Judiciary Law § 90 (4) (f), which provides for such interim suspension upon the record of a conviction for a serious crime. The Grievance Committee also sought authori
 
 *511
 
 zation to institute and prosecute a disciplinary proceeding against appellant.
 

 After receiving a certified copy of the transcript in the Federal proceeding which contained a record of appellant’s guilty plea, the Second Department suspended appellant from the practice of law pursuant to Judiciary Law § 90 (4) (f). The Second Department also authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against appellant and referred the matter to a Special Referee. Respondent filed a petition alleging that appellant had been convicted of serious crimes as defined in Judiciary Law § 90 (4) (d), based upon appellant’s guilty plea in Federal court. The Special Referee sustained the charges and the Grievance Committee moved for an order confirming the report and imposing discipline. The Second Department imposed a final sanction of disbarment.
 

 Judiciary Law § 90 (4) (f) and (g), which deal specifically with attorneys convicted of serious crimes, provide in relevant part:
 

 "f. Any attorney and counsellor-at-law convicted of a serious crime * * * shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision. * * *
 

 "g. Upon a judgment of conviction against an attorney becoming final the appellate division of the supreme court shall order the attorney to show cause why a final order of suspension, censure or removal from office should not be made.”
 

 Appellant argues that the Appellate Division erred by imposing a final sanction upon him before a judgment of conviction for the Federal crimes, which, by definition, cannot be rendered until after sentencing becomes final. Appellant seeks reversal of the order imposing disbarment as premature. The Grievance Committee contends that the Appellate Division retains the discretion to impose final sanctions for attorney misconduct
 
 until
 
 a judgment of conviction for a serious crime, whereupon the Appellate Division is divested of discretion and must authorize the commencement of disciplinary proceedings. The Grievance Committee argues that the Appellate Division need not wait until a judgment of conviction to discipline an attorney for the underlying misconduct comprising the serious crime.
 

 
 *512
 
 An attorney convicted of a felony is automatically disbarred
 
 (Matter of Johnston,
 
 75 NY2d 403, 405; Judiciary Law § 90 [4] [a], [b]). In contrast, the Judiciary Law provides that an attorney convicted of a serious crime is suspended when the Appellate Division receives a record of such conviction, and a judgment of conviction must be rendered before the Appellate Division may order the "attorney to show cause why a final order of suspension, censure or removal from office should not be made”
 
 {compare,
 
 Judiciary Law § 90 [4] [f],
 
 with
 
 Judiciary Law § 90 [4] [g]). Separate provisions for felony and serious crime convictions were enacted in order to,
 

 "avoid the automatic disbarment of an attorney without sufficient cause, and [to] also protect the public from unfit attorneys who have committed serious crimes — even though they may not constitute felonies under the laws of this State” (Governor’s Mem approving L 1979, ch 674,1979 NY Legis Ann, at 403).
 

 "Conviction” and "judgment” are defined terms with discrete meanings under the CPL. "Conviction” is defined as the "entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument” (CPL 1.20 [13]). "A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence” (CPL 1.20 [15]).
 
 [1]
 
 Although appellant has been convicted of serious crimes, because appellant has yet to be sentenced for his Federal offenses, no judgment of conviction has been rendered. Consequently, the commencement of disciplinary hearings under Judiciary Law § 90 (4) and the imposition of the final sanction of disbarment upon appellant was premature, and is, therefore, reversed.
 

 However, appellant remains suspended from the practice of law pursuant to Judiciary Law § 90 (4) until a final disciplinary sanction is imposed. This period of interim suspension, which began when a certified copy of appellant’s guilty plea was presented to the Appellate Division, adequately protects the public until the imposition of final sanctions, because appellant may not practice law during this period.
 

 
 *513
 
 The Grievance Committee’s contention that the Appellate Division retains jurisdiction to impose discipline for the underlying misconduct which comprised the serious crimes is inapplicable to the circumstances here. The Grievance Committee did not seek final sanctions against appellant on the basis of the underlying misconduct, but on appellant’s conviction for the Federal offenses.
 
 [2]
 
 Since the disciplinary hearings were commenced under Judiciary Law § 90 (4) because of appellant’s conviction for serious crimes, the order imposing the sanction of disbarment was premature.
 

 The order of the Appellate Division should be reversed, with costs, and petitioner’s motion to confirm the Special Referee’s report denied.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order reversed, etc.
 

 [1]
 

 . Similarly, the Federal Rules of Criminal Procedure define a judgment of conviction as including the sentence. Rule 32 (d) (1) of the Federal Rules of Criminal Procedure provides, in relevant part: "A judgment of conviction must set forth the plea, the verdict or findings, the adjudication, and the sentence.”
 

 [2]
 

 . After opening statements, the Grievance Committee introduced appellant’s plea minutes and the felony information in the Federal proceeding as exhibits in appellant’s disciplinary hearing. After the exhibits were received in evidence, the Grievance Committee rested its case stating, "In sum and substance that concludes the Petitioner’s proof.” Moreover, the Referee, after noting that the Grievance Committee was repeating the material charges contained in the felony information stated, "And I am not going to attempt to retry the federal charges or the plea.”