Spain, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the amended judgment is affirmed, without costs.

(May 10, 2000)

■ In the Matter of JOSEPH S. CARUSO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [709 NYS2d 451] —Per Curiam. Respondent was admitted to practice by this Court in 1990. He maintained a law office in New Jersey, where he was also admitted to practice in 1990.

On January 27, 2000, respondent was convicted upon his plea of guilty in the United States District Court for the District of New Jersey to conspiring to travel in interstate commerce to promote and facilitate a violation of New Jersey

Statutes Annotated § 2C:27-2, contrary to 18 USC § 1952 and in violation of 18 USC § 371. By order dated February 3, 2000, the Supreme Court of New Jersey, noting respondent's plea of guilty to a charge of conspiracy to commit bribery in violation of 18 USC § 371, temporarily suspended him from practice pending the resolution of ethics proceedings against him. Petitioner Committee on Professional Standards now moves to suspend respondent, pursuant to Judiciary Law § 90 (4) (f), in view of his conviction for a serious crime.

We grant petitioner's motion, which respondent does not oppose, and suspend respondent from practice upon his conviction of a serious crime until such time as a final disciplinary order is made (see, Judiciary Law § 90 [4] [f], [g]).

Mercure, J. P., Crew III, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further, ordered that respondent is suspended from practice, effective immediately, until a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and until further order of this Court; and it is further, ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority and from giving to another of an opinion as to the law or its application, or of any advice in relation thereto; and it is further, ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys; and it is further, ordered that petitioner, within ten days of respondent's sentencing, shall submit an order requiring respondent to show cause why a final order of suspension, censure or removal should not be made pursuant to Judiciary Law § 90 (4) (g).