■ In the Matter of JOSEPH S. CARUSO, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [729 NYS2d 393] —Per Curiam. Respondent was admitted to practice by this Court in 1990. He maintained a law office in New Jersey, where he was also admitted to practice in 1990.

On January 27, 2000, respondent was convicted upon his plea of guilty in the United States District Court for the District of New Jersey to conspiring to travel in interstate commerce to promote and facilitate a violation of New Jersey Statutes Annotated § 2C:27-2, contrary to 18 USC § 1952 and in violation of 18 USC § 371. Essentially, respondent brokered

a bribe made to the Mayor of Camden, New Jersey. On April 20, 2001, respondent was sentenced to three years' probation, including confinement to his residence for six months. On May 10, 2000, this Court suspended respondent from practice upon his conviction of a serious crime and until such time as a final disciplinary order is made (272 AD2d 677). Our order directed petitioner to move for imposition of final discipline after respondent was sentenced and petitioner so moves.

Respondent has submitted an affidavit in mitigation in which he expresses remorse for his misconduct and indicates that he was the conduit for, rather than the instigator of, the bribe. Also, respondent contends that he provided substantial cooperation to prosecutors after his plea. He has been suspended in New Jersey pending the resolution of a continuing ethics proceeding against him in that State (*Matter of Caruso*, 162 NJ 344, 744 A2d 189). In view of the above, we conclude that respondent should be suspended for a period of time coterminous with his period of Federal probation and until further order of this Court (*see, e.g., Matter of Roemmelt*, 262 AD2d 866; *Matter of Micci*, 225 AD2d 888).

Mercure, J. P., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent's suspension from practice is continued for a period coterminous with his Federal probationary period and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see*, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.