(November 2, 2001)

■ In the Matter of DANIEL R. JOSLIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [732 NYS2d 446] —Per Curiam. Respondent was admitted to practice by this Court in 1987.

In August 2001, in the United States District Court for the District of New Jersey, respondent was convicted upon his plea of guilty to conspiracy to commit wire fraud in violation of 18 USC § 371. The information indicates that respondent was a conspirator in a scheme to embezzle investors in bank debenture instruments. He has been sentenced to 27 months' imprisonment, three years' supervised release and restitution.

In view of his conviction of a serious crime (*see,* Judiciary Law § 90 [4] [d]; *Matter of Caruso,* 272 AD2d 677; *Matter of Lulkin,* 258 AD2d 209), we grant petitioner's motion, to which respondent has not replied, to suspend respondent from practice until such time as a final disciplinary order is made by this Court (*see,* Judiciary Law § 90 [4] [f]).

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice, effective immediately, until a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the

practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority and from giving to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (see, 22 NYCRR 806.9) regulating the conduct of suspended attorneys; and it is further ordered that respondent is hereby directed to show cause before this Court, on a date to be fixed by the Clerk, why a final disciplinary order should not be made pursuant to Judiciary Law § 90 (4) (g).