■ In the Matter of CHARLES B. DALY, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [843 NYS2d 692]—

Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintained an office for the practice of law in New Jersey, where he was admitted to the bar in 1971.

On February 14, 2005, respondent pleaded guilty in the United States District Court for the District of New Jersey to one count of knowingly conspiring with others to make false statements to a financial institution in violation of 18 USC § 371. The criminal information indicated that respondent conspired with others to make materially false statements as closing attorney when he prepared settlement statements in a number of real estate closings. On June 15, 2007, respondent was sentenced to a three-year term of probation and directed to pay a $100 assessment and a $12,000 fine. Based upon his plea of guilty, the Supreme Court of New Jersey temporarily suspended respondent from practice pending final resolution of ethics proceedings against him.

Upon petitioner's motion, this Court suspended respondent from practice until such time as a final disciplinary order could be made (*Matter of Daly*, 20 AD3d 762 [2005]). Respondent has now been sentenced and petitioner moves for a final order of discipline pursuant to Judiciary Law § 90 (4) (f). Respondent has not replied to either motion, thereby evincing a disinterest in his fate as an attorney in this state.

Under the circumstances presented, we conclude that respon-

dent should be disbarred (*see e.g. Matter of Joslin*, 289 AD2d 775 [2001]).

Crew III, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).