■ In the Matter of JOSEPH RICHICHI, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [858 NYS2d 921]—

Per Curiam. Respondent was admitted to practice by this Court in 1990. He maintained an office for the practice of law in Connecticut.

Respondent pleaded guilty in April 2007 in the United States District Court for the District of Connecticut to a single count of tax evasion in violation of 26 USC § 7201. The information and plea agreement show a pattern of tax evasion encompassing multiple years and substantial sums of money. By decision dated October 11, 2007, this Court suspended respondent from practice based on his conviction of a serious crime pending entry of a final order after respondent's sentence (*see* Judiciary Law § 90 [4] [f]; *Matter of Richichi*, 44 AD3d 1085 [2007]). On December 19, 2007, respondent was sentenced to a 16-month term of imprisonment, a $15,000 fine, and two years of supervised release.

Petitioner now moves for an order imposing final discipline pursuant to Judiciary Law § 90 (4) (g). In reply, respondent requests discipline consonant with a period of suspension imposed in Connecticut after a disciplinary proceeding in that state.

Under the circumstances presented, and considering the serious criminal conduct committed by respondent, we conclude that he should be disbarred in this state.

Peters, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of

New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).