■ In the Matter of MICHAEL S. KEREKES, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [879 NYS2d 739]—

Per Curiam. Respondent was admitted to practice by this Court in 1998. He was previously admitted in California in 1987, where he was employed at an accounting firm.

On February 13, 2009, respondent pleaded guilty in the United States District Court for the Southern District of New York to a two-count information charging him with federal felonies: conspiracy to defraud the United States, commit tax evasion, aid and assist in the preparation of false tax returns and impede the due administration of the Internal Revenue Service, in violation of 18 USC § 371, and tax evasion, in violation of 26 USC § 7201.

Petitioner moves pursuant to Judiciary Law § 90 (4) (f) to

suspend respondent from the practice of law based upon his conviction of a serious crime, until such time as a final order of discipline is entered after respondent is sentenced in federal court (*see* Judiciary Law § 90 [4] [g]). Respondent has not replied to the motion.

We grant petitioner's motion. Respondent has been convicted of a serious crime as defined in Judiciary Law § 90 (4) (d) and his interim suspension is directed (*see* Judiciary Law § 90 [4] [f]; *Matter of Richichi*, 44 AD3d 1085 [2007]).

Peters, J.P., Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective immediately, pursuant to Judiciary Law § 90 (4) (f), until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).