■ In the Matter of MICHAEL S. KEREKES, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [942 NYS2d 906]—

Per Curiam. Respondent was admitted to practice by this Court in 1998 and resided in California.

By decision dated June 11, 2009, this Court suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), upon his conviction of the serious crimes of conspiracy to defraud the United States, commit tax evasion, aid and assist in the preparation of false tax returns, and obstruct and impede the due administration of the Internal Revenue Service, in violation of 18 USC § 371, and tax evasion, in violation of 26 USC § 7201, all federal felonies (*Matter of Kerekes*, 63 AD3d 1370 [2009]). Respondent was sentenced on November 18, 2011 in the United States District Court for the Southern District of New York to concurrent one-year terms of incarceration, six months of which is to be served by home confinement, a $50,000 fine, restitution in an amount to be determined, and three years of postrelease supervision. Petitioner now moves pursuant to Judiciary Law § 90 (4) (g) for the imposition of final discipline. Respondent has not appeared or otherwise responded to the motion.

At the time of respondent's crimes, he was an attorney and principal at a major international accounting firm with offices in many cities, including New York City. The crimes involved millions of dollars. Under all of the circumstances presented, we conclude that respondent should be disbarred (*see e.g. Matter of Uhl*, 88 AD3d 1052 [2011]; *Matter of Richichi*, 52 AD3d 1109 [2008]).

Peters, P.J., Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).