Per Curiam.
Respondent was admitted to practice by this Court in 1994.
He was convicted in the United States District Court for the District of Columbia, upon his guilty plea, of one count of federal tax evasion (26 USC § 7201), a federal felony that has been defined as a “serious crime” (Judiciary Law § 90 [4] [d]; see Matter of Uhl, 88 AD3d 1052, 1052 [2011], appeal dismissed 19 NY3d 941 [2012]). Respondent does not dispute that, after he and an accomplice defrauded an airline company of $1 million, respondent failed to report at least $448,727 of the proceeds of that scheme on his federal tax return. On March 6, 2014, respondent was sentenced to 18 months in prison, to be followed by three years of supervised release. The sentencing court further ordered respondent to pay restitution to the defrauded airline and the federal government in the total amount of $1,140,109.86.
Petitioner now moves for an order imposing final discipline pursuant to Judiciary Law § 90 (4) (g). Respondent does not contest the propriety of the motion.
Under the circumstances presented, and considering the serious criminal conduct committed by respondent (see e.g. Matter of Kerekes, 95 AD3d 1431, 1432 [2012]; Matter of Richichi, 52 AD3d 1109, 1109 [2008]), we conclude that he should be disbarred in this state.
Garry, J.P., Rose, Lynch, Devine and Clark, JJ., concur.
Ordered that petitioner’s motion is granted; and it is further *1058 ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).