Matter of Marinelli (2022 NY Slip Op 03046)

Matter of Marinelli

2022 NY Slip Op 03046

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

PM-99-22
[*1]In the Matter of Scott Michael Marinelli, a Suspended Attorney. (Attorney Registration No. 4087235.)

Calendar Date:December 27, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2002, having previously been admitted in New Jersey. However, by January 2014 order of this Court, respondent was suspended from the practice of law in New York for engaging in conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning with the 2004—2005 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1042 [2014]). Although respondent cured his registration delinquency in 2016, he has not moved for his reinstatement and remains suspended in New York to date.
By August 2017 order, the Supreme Court of New Jersey temporarily suspended respondent from the practice of law in that jurisdiction based upon his failure to cooperate with several investigations by the New Jersey Office of Attorney Ethics (Matter of Marinelli, 230 NJ 341 [2017]). Respondent remains suspended in New Jersey pursuant to this 2017 order.[FN1] Additionally, by November 2019 order, the Supreme Court of New Jersey censured respondent for failing to file an affidavit of compliance in connection with the August 2017 suspension order and due to his lack of cooperation with a separate disciplinary investigation (Matter of Marinelli, 240 NJ 181 [2019]).[FN2] Meanwhile, in June 2019, respondent pleaded guilty in Pennsylvania to one count of passing bad checks as a third-degree felony (18 Pa CSA § 4105 [a] [1]; [c] [1] [v]),[FN3] and he was thereafter sentenced to, among other things, 4 to 12 months in jail and ordered to pay restitution.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent based upon his conviction in Pennsylvania of a "serious crime" (Judiciary Law § 90 [4] [d]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12) and, further, as a consequence of the findings of misconduct against him in New Jersey (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]). Although respondent's request for an adjournment of the return date on this motion was granted, he has nonetheless not responded to the motion.
Initially, we express our agreement with that part of AGC's motion asserting that respondent's felony conviction in Pennsylvania of the crime of passing bad checks constitutes a serious crime in New York within the meaning of Judiciary Law § 90 (4) (d), and warrants his censure, suspension or disbarment pursuant to Judiciary Law § 90 (4) (g). Notably, Judiciary Law § 90 (4) (d) defines "serious crime" as, in pertinent part, "any criminal offense denominated a felony under the laws of any state . . . which does not constitute a felony under the laws of this state" or, alternatively, as a crime for which a necessary element, includes "misrepresentation, fraud [or] deceit." Here, respondent's felony conviction fits within both definitions of a [*2]serious crime. Respondent's crime of passing bad checks in Pennsylvania not only requires the necessary element of knowing misrepresentation, it is also apparent that, if his criminal conduct in Pennsylvania was committed in New York under similar circumstances, it would result in a conviction in this state of issuing a bad check, a class B misdemeanor (see Penal Law § 190.05 [1]).[FN4] Accordingly, we grant that part of AGC's motion seeking to impose discipline upon respondent due to his conviction of a serious crime and conclude that this matter is now ripe for a final order of discipline (see Judiciary Law § 90 [4] [g]).
As for AGC's motion seeking to impose discipline in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) on the basis of respondent's misconduct in New Jersey, we first note that, on the record now before us, that part of AGC's motion seeking to impose discipline in conjunction with the Supreme Court of New Jersey's August 2017 temporary suspension order must be denied, as it is unclear that such order is based upon definitive findings of misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [c]; see generally New Jersey Rules of Court rule 1:20-11 [a]). On the other hand, our review of the record in support of AGC's motion to impose discipline in this state as the result of respondent's November 2019 censure confirms the findings of misconduct found by the Supreme Court of New Jersey. Moreover, in light of the fact that respondent has not raised any of his available defenses, we grant that part of AGC's motion (see Matter of Bailey, 177 AD3d 1079, 1080 [2019]; Matter of Proskurchenko, 171 AD3d 1439, 1440 [2019]).
Turning to the appropriate sanction for respondent's conviction of a serious crime in Pennsylvania and the findings of misconduct resulting in his censure in New Jersey, we first note the lack of any mitigating circumstances in the record before us and the troubling presence of several factors in aggravation, including, among other things, respondent's longstanding suspension in this state as a consequence of his registration delinquency, his default in responding to AGC's motion and his professional misconduct in failing to timely notify both this Court and AGC of his New Jersey discipline (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Accordingly, given the totality of respondent's established misconduct resulting in his censure in New Jersey and his conviction of a serious crime in Pennsylvania, and mindful of the existence of significant additional factors in aggravation, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), respondent should be suspended from the practice of law in this state for a period of three years. Furthermore, we condition any future [*3]application by respondent for his reinstatement in this state upon proof that he has been fully reinstated to the practice of law in New Jersey.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: As a consequence of his New Jersey discipline, respondent was also temporarily suspended from practice by the District of Columbia in May 2018.

Footnote 2: Although not a subject of the instant motion, we take judicial notice of a recent March 2022 order of the Supreme Court of New Jersey suspending respondent from the practice of law in that state for a period of two years as the result of additional findings of professional misconduct (see Matter of Marinelli, 250 NJ 23 [2022]).

Footnote 3: As relevant herein, the Pennsylvania crime of passing bad checks is found when the defendant "issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee" (18 Pa CSA § 4105 [a] [1]).

Footnote 4: Unlike the situation in Matter of Brown (181 AD2d 314 [1992]), where the First Judicial Department held that the respondent's conviction of, among other things, issuing a bad check in Ohio met the definition of larceny in New York (Penal Law § 155.05 [2] [c]) and was elevated to a felony based upon the specific amounts of the checks (see Penal Law § 155.30 [1]), the subject case is distinguishable based upon the details of respondent's guilty plea in Pennsylvania, where the particular amounts of the checks were not identified and the allocution did not include an admission by respondent of a specific "intent to deprive another of property or to appropriate the same to himself or to a third person" (Penal Law § 155.05 [1]).