Matter of Adler (2022 NY Slip Op 06857)

Matter of Adler

2022 NY Slip Op 06857

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

PM-206-22
[*1]In the Matter of Enrique Elliot Adler, an Attorney. (Attorney Registration No. 5381785.)

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan, of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Michael S. Ross, New York City (Michael S. Ross of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2015, following his 2003 admission in his home state of California. In May 2022, respondent pleaded guilty before the United States District Court for the Southern District of California to a single count of the federal felony of conspiracy to commit offense or to defraud United States (see 18 USC § 371). In conjunction with his plea, respondent admitted that he and a coconspirator had filed false tax returns and participated in a fraudulent scheme over several years to disguise various monies as charitable contributions to a religious organization. Alleging that respondent has pleaded guilty to his commission of a "serious crime" (Judiciary Law § 90 [4] [d]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12), the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon him as a consequence. Respondent has been heard in response to AGC's motion and submitted materials in mitigation, and AGC has been heard in reply. Upon respondent's request, we have also heard from the parties at oral argument (see Judiciary Law § 90 [4] [h]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2] [iii]).
AGC correctly alleges, and respondent effectively concedes, that respondent's adjudicated violation of 18 USC § 371 meets the statutory definition of a "serious crime" (Judiciary Law § 90 [4] [d]; see Matter of Daly, 20 AD3d 762, 763 [3d Dept 2005]; Matter of Joslin, 288 AD2d 552, 552 [3d Dept 2001]). Given that conclusion, and inasmuch as respondent's criminal conviction has been finalized by the imposition of, among other penalties, a term of incarceration, the matter is ripe for us to immediately determine whether censure, suspension or disbarment is warranted pursuant to Judiciary Law § 90 (4) (g) (see Matter of Marinelli, 205 AD3d 1129, 1130-1131 [3d Dept 2022]; Matter of Farrace, 173 AD3d 1422, 1422 [3d Dept 2019]; compare Matter of Delany, 87 NY2d 508, 512 [1996]).
In making our assessment of the appropriate sanction "to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we observe at the outset that standard 5.11 of the American Bar Association's Standards for Imposing Lawyer Sanctions generally prescribes disbarment for "serious criminal conduct [which includes the] necessary element of . . . misrepresentation [or] fraud" or "any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that serious adversely reflects on the lawyer's fitness to practice." Notwithstanding the facts adduced by respondent in mitigation, we are not persuaded that a departure from that ultimate sanction is warranted here. Moreover, respondent's conduct is further exacerbated by his long tenure as an attorney in California (see ABA Standards for Imposing Lawyer Sanctions [*2]standard 9.22 [i]), the "dishonest or selfish motive" behind his actions (ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b]) and the fact that his criminal conduct encompassed multiple offenses over a course of several years (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c], [d], [k]; see also Matter of Uhl, 88 AD3d 1052, 1052-1053 [3d Dept 2011]; Matter of Richichi, 52 AD3d 1109, 1109 [3d Dept 2008]). We therefore grant AGC's motion and disbar respondent, effective immediately (see Matter of Cooper, 122 AD3d 1057, 1057 [3d Dept 2014]; Matter of Kerekes, 95 AD3d 1431, 1432 [3d Dept 2012]; Matter of Daly, 43 AD3d 1269, 1269-1270 [3d Dept 2007]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).