Matter of Chesebro (2024 NY Slip Op 05394)

Matter of Chesebro

2024 NY Slip Op 05394

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

PM-213-24
[*1]In the Matter of Kenneth John Chesebro, an Attorney. (Attorney Registration No. 4497913.)

Calendar Date:October 10, 2024

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Tesser, Ryan and Rochman, LLP, White Plains (Randall Tesser of counsel), for respondent.

Per Curiam.
Respondent was admitted to the practice of law in this state in 2007, and he has also been admitted to practice in Massachusetts, California, Texas, Florida and Illinois.[FN1] In August 2023, respondent was criminally indicted, along with former President Donald Trump, Rudolph Giuliani [FN2] and 16 other defendants in Fulton County, Georgia, for their alleged efforts to overturn the 2020 presidential election. Respondent's indictment arose in connection with his involvement, along with his 18 codefendants and others, in a scheme to submit false election results to Congress concerning the 2020 presidential election. While respondent was indicted on seven counts, in October 2023, in satisfaction of all counts, he pleaded guilty to count 15 of the indictment, specifically conspiracy to commit filing false documents, which crime is itself comprised of two statutes of the Georgia code, which crime constitutes a felony in that jurisdiction (see Ga Code Ann §§ 16-4-8; 16-10-20.1 [b] [1]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves by order to show cause to strike respondent's name from the roll of attorneys due to his felony conviction or, alternatively, to impose discipline upon respondent as a consequence of his commission of a "serious crime." By affirmation of counsel, respondent opposes AGC's motion and AGC has been heard in reply; the parties were also heard at oral argument.
Count 15 of the indictment alleged that respondent, along with Trump, Giuliani, John Eastman and others, unlawfully conspired in Georgia between December 6, 2020 and December 14, 2020 to knowingly file, enter and record a document entitled "Certificate of the Votes of the 2020 Electors from Georgia," in a court of the US, while having reason to know that the document contained a materially false statement. Specifically, the Certificate wrongfully stated that the signatories thereof were "the duly elected and qualified Electors for President and Vice President of the United States of America from the State of Georgia." Additionally, count 15 alleged that defendants David Shafer, Shawn Micah Tresher Still, and Cathleen Alston Latham — but notably not respondent — acting as coconspirators, had placed in the US mail a document addressed to the Chief Judge of the US District Court for the Northern District of Georgia, with such act being an overt act to effect the object of the conspiracy.
During respondent's plea hearing, Fulton County Assistant District Attorney Daysha Young orally recited what the prosecution would have shown in its case-in-chief against respondent, and asserted that said information would be the factual basis for the plea. Following this exposition, respondent was asked by the Superior Court of Fulton County whether he was "pleading guilty today because [he] agree[d] that there's a factual basis that supports this remaining charge?" to which respondent replied "[y]es, this charge." The court thereafter found[*2], in addition to concluding that respondent had entered his plea knowingly, voluntarily and intelligently, that there was a sufficient factual basis for the charges as proffered by the State. Respondent was then sentenced, pursuant to Georgia's First Offender Act, to five years of probation, restitution in the amount of $5,000, 100 hours of community service and was directed to write an apology letter to the citizens of Georgia.[FN3] The plea further required respondent to testify truthfully at all hearings or trials involving his codefendants and prohibited him from communicating with his codefendants, witnesses or media entities until all cases have been resolved.
Judiciary Law § 90 (4), Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.12 collectively provide a framework by which AGC may seek to discipline an attorney following his or her conviction of a crime. Upon an attorney's conviction for a felony — that being either a felony offense committed in New York or a crime committed outside of New York that would constitute a felony if committed in this state (see Judiciary Law § 90 [4] [e]) — the attorney ceases to be competent to practice law; thus, a motion by AGC upon an attorney's felony conviction only seeks to strike the attorney's name from the roll of attorneys (see Judiciary Law § 90 [4] [a]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [b] [2] [i]; [c] [1]). Conversely, upon our conclusion that an attorney has been convicted of a serious crime — which is statutorily defined as "any criminal offense denominated a felony under the laws of any state . . . which does not constitute a felony under the laws of this state, and any other crime a necessary element of which . . . includes . . . false swearing, misrepresentation, fraud, . . . deceit, . . . or an attempt or conspiracy or solicitation of another to commit a serious crime" (Judiciary Law § 90 [4] [d]) — we shall suspend the attorney upon receipt of proof of such conviction pending our eventual issuance of a final order of discipline (see Judiciary Law § 90 [4] [f], [g]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2] [i], [ii]).
In determining whether the out-of-state felony constitutes a felony in New York, the out-of-state felony need not be a mirror image of the New York felony; the crimes at issue must nonetheless have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]), which may be determined "through a comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue," as well any records from a respondent attorney's proceedings before the foreign jurisdiction's judicial forum (Matter of Hand, 164 AD3d 1006, 1007-1008 [3d Dept 2018]). Since respondent explicitly pleaded guilty to count 15 charging him with the crime of conspiracy to commit the filing of false documents, the threshold determination [*3]is whether the Georgia statutes at issue are essentially similar to any New York felony-level crime (see Matter of Nazor, 228 AD3d 1058, 1060 [3d Dept 2024]; Matter of Hand, 164 AD3d at 1008-1009). The Georgia crime of conspiracy to commit false filings (see Ga Code Ann §§ 16-4-8; 16-10-20.1 [b] [1]) requires the conspirators, as applicable here, to unlawfully conspire to knowingly file a document in a public record or court of Georgia or of the US knowing or having reason to know that such document is false or contains a materially false, fictitious or fraudulent statement or representation, with one or more of the conspirators doing any overt act to effect the object of the conspiracy.
AGC initially argues that count 15 of the indictment, together with respondent's plea and Young's statement at the plea hearing, collectively establish that New York's class E felony of offering a false instrument for filing in the first degree (see Penal Law § 175.35 [1]) is itself essentially similar to the Georgia crime to which respondent pleaded guilty.[FN4] The fundamental flaw with this argument, however, is that respondent pleaded guilty to an anticipatory conspiracy offense, rather than the crime constituting the object of the conspiracy. AGC nonetheless contends that it is of no consequence that respondent was not the individual who signed or undertook the physical act of filing the fraudulent certificate of votes, since he acted in concert with others who were to be responsible for the filing and may therefore be held liable for the affirmative acts of his coconspirators (see Matter of Amsterdam, 26 AD3d 94, 97 [1st Dept 2005]; see also Penal Law § 20.00). However, the record of the Georgia proceeding does not demonstrate that respondent, himself, personally presented the documents for filing with the Northern District of Georgia or was aware that the filing had taken place; rather, as noted above, the act of filing was attributed to three of respondent's coconspirators in a separate count of the indictment (compare Matter of Amsterdam, 26 AD3d at 96-97). Under the circumstances presented, and mindful that the purpose of our analysis here is only to determine whether those acts which respondent actually admitted to committing constitute a New York felony, we decline to apply principles of accessorial liability as a means of determining that respondent engaged in conduct constituting offering a false instrument for filing when, in fact, he merely pleaded guilty to a conspiracy to do so.
Moreover, even if it could be said that respondent himself engaged in acts constituting offering a false instrument for filing, Penal Law § 175.35 (1) also contains an element that the defendant possess an intent to defraud, which is notably absent from the Georgia felony respondent pleaded guilty to (compare Penal Law § 15.05 [1], with Penal Law § 15.05 [2]). AGC counters that we may nonetheless find that respondent acted with an intent to defraud in this instance, as the [*4]record of the Georgia criminal proceeding reveals that he acted with the conscious aim and objective to defraud (see People v Taylor, 14 NY3d 727, 729 [2010]), specifically by drafting documents and accompanying instructions for his coconspirators, and knowing that such documents would be falsely certified to and submitted to Congress. However, this state has consciously distinguished the offense of offering a false instrument for filing into felony and misdemeanor crimes, each with different levels of intent (compare Penal Law § 175.35 [1], with Penal Law § 175.30). Such a distinction cannot be overlooked, particularly when New York's misdemeanor crime of offering a false instrument for filing in the second degree is itself similar to the relevant Georgia statute (see e.g. Matter of Valandingham, 207 AD3d 989, 990 n 3 [3d Dept 2022]). Accordingly, we conclude, based on the specific facts before us, that the Georgia crime which respondent pleaded guilty to is not essentially similar to the New York felony of offering a false instrument for filing in the first degree.
Despite this conclusion, we conclude that a plain reading of the statutes comprising the Georgia crime of conspiracy to commit filing false documents demonstrates that respondent's conduct categorically meets the definition of a serious crime in this state as respondent pleaded guilty to a felony in Georgia that does not constitute a felony in this state. Moreover, even if respondent had not pleaded guilty to a felony crime in Georgia, his plea would nonetheless constitute a serious crime in this instance since it implicates a conspiracy to commit a crime which itself includes the "necessary element" of "misrepresentation, fraud [or] . . . deceit" (Judiciary Law § 90 [4] [d]), specifically the element that the document itself is false or contains materially false or fraudulent statements or representations (see e.g. Matter of Daly, 20 AD3d 762, 762-763 [3d Dept 2005]).
Having established that the Georgia felony respondent pleaded guilty to constitutes a serious crime under New York law, we must next consider whether respondent has actually been "convicted" in the Georgia matter (Judiciary Law § 90 [4] [f]), given the application of Georgia's First Offender Act (see Ga Code Ann § 42-8-60). As is relevant here, the First Offender Act permits a Georgia court to withhold final judgment and sentence a defendant with no prior felony conviction to a term of probation upon his or her guilty verdict or plea of guilty or nolo contendere. Provided that the defendant subsequently successfully completes his or her probationary term under the Act, he or she thereafter "shall be exonerated of guilt and shall stand discharged as a matter of law" (Ga Code Ann § 42-8-60 [e] [1]). Respondent argues that, when a defendant is sentenced under the First Offender Act, there is no adjudication of guilt and that the defendant is not considered criminally convicted at the time of offering the plea; rather, upon [*5]successful completion of his sentence, he avers that he will be considered to have never been criminally convicted. While this Court, or other New York courts, have not determined, for attorney disciplinary purposes, whether a guilty plea pursuant to Georgia's First Offender Act constitutes a conviction in this state, this state has long recognized that nolo contendere pleas in a foreign jurisdiction qualify as convictions in this state (see e.g. Matter of Kasckarow v Board of Examiners of Sex Offenders of State of N.Y., 25 NY3d 1039, 1042 [2015]; People v Daiboch, 265 NY 125, 129 [1934]; Matter of Goncalves, 161 AD3d 1377, 1379 n 3 [3d Dept 2018]; Matter of Tendler, 131 AD3d 1301, 1302 [3d Dept 2015]). Inasmuch as the record demonstrates that respondent entered a plea of guilty to count 15 of the indictment before the Georgia court and was thereafter sentenced to a term of probation, among other sanctions, we conclude that he has been convicted for purposes of Judiciary Law § 90 (4) (f) (see Matter of Delany, 87 NY2d 508, 511 [1996]; CPL 1.20 [13]).
Having concluded that respondent has been convicted of a serious crime, we accordingly suspend respondent from the practice of law in New York on an interim basis (see Judiciary Law § 90 [4] [f]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2] [ii]), and next turn to a determination of whether a judgment of conviction has become "final" in respondent's Georgia criminal proceeding, thereby triggering the additional statutory procedures before the final disciplinary sanction may be imposed. While an attorney convicted of a felony is automatically disbarred, "the Judiciary Law provides that an attorney convicted of a serious crime is suspended when [this Court] receives a record of such conviction, and a judgment of conviction must be rendered before [we] may order the 'attorney to show cause why a final order of suspension, censure or removal from office should not be made' " (Matter of Delany, 87 NY2d at 512, quoting Judiciary Law § 90 [4] [g]). The Court of Appeals has held that the terms "conviction" and "judgment" have specific meanings in New York, with the judgment consisting of both a conviction and sentence imposed (see Matter of Delany, 87 NY2d at 512; see also CPL 1.20 [15]).
AGC contends that we may impose final discipline upon respondent given that the judgment of conviction was rendered on October 20, 2023 (see Judiciary Law § 90 [4] [g]), the date of his plea in Georgia. Respondent counters that the Georgia court's certification in his criminal matter, which states that "no judgment of guilt [shall] be imposed at this time but that further proceedings are deferred" and that, upon completion of probation, respondent "shall be completely exonerated of guilt of said offense charged" demonstrates that the judgment in Georgia is not yet final. Thus, he argues that the procedures for the imposition of a final disciplinary sanction in this state have not yet been triggered and [*6]that we must instead await final resolution of the Georgia matter, including any proceedings eventually arising under Georgia's First Offender Act (see Matter of Kramer, 69 AD3d 139, 141-142 [1st Dept 2009]).
While the state of Georgia may defer its own proceedings against respondent and may treat him, upon successful completion of his term of probation, as never having been convicted of a crime, our review of the record reveals that a judgment of conviction has in fact been rendered by the Georgia courts (compare Matter of Delany, 87 NY2d at 510). Specifically, the certified records from the Superior Court of Fulton County reveal that it entered a judgment against respondent, directing him to complete a five-year term of probation with various conditions, including cooperating in providing testimony against his codefendants. In our view, it is of no moment that respondent may ultimately be "exonerated" under Georgia law, as it equally as plausible that he may violate the terms of his probation and be subjected to additional criminal penalties as a result.
Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part consistent with this decision; and it is further
ORDERED that respondent's conviction of conspiracy to commit filing false documents is determined to constitute a serious crime within the meaning of Judiciary Law § 90 (4) (d); and it is further
ORDERED that, pursuant to Judiciary Law § 90 (4) (f), respondent is suspended from the practice of law, effective immediately, and until further order of this Court; and it is further
ORDERED that respondent is directed to show cause before this Court, at a time and manner to be determined by the Clerk of this Court, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: The Attorney Grievance Committee for the Third Judicial Department advises that, as of March 2024, respondent was temporarily suspended by the Supreme Judicial Court for Suffolk County in Massachusetts. Moreover, respondent is listed as not eligible to practice law in California; inactive and not eligible to practice law in Florida; and voluntarily inactive in Illinois.

Footnote 2: Giuliani, the former Mayor of the City of New York, was disbarred by July 2024 order of the Appellate Division, First Judicial Department as a consequence of his conduct in connection with the Trump campaign and the 2020 presidential election (Matter of Giuliani, 230 AD3d 101 [1st Dept 2024]).

Footnote 3: Respondent's one-sentence apology letter was provided by AGC in its motion papers and succinctly states that he "apologize[s] to the citizens of the State of Georgia and of Fulton County for [his] involvement in Count 15 of the indictment."

Footnote 4: Notably, the crime of conspiracy to commit a felony-level offering a false instrument for filing is itself decidedly not a felony offense under New York law (see Penal Law § 105.05).