Matter of Gillman (2025 NY Slip Op 01996)

Matter of Gillman

2025 NY Slip Op 01996

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

PM-88-25
[*1]In the Matter of Seth Gillman, an Attorney. (Attorney Registration No. 2669463.)

Calendar Date:March 3, 2025

Before:Egan Jr., J.P., Clark, Lynch, Fisher and McShan, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1995, following his admission in Illinois in 1993. In February 2016, respondent pleaded guilty to the federal felony of health care fraud (see 18 USC § 1347) before the US District Court for the Northern District of Illinois, in connection with an indictment charging him with a litany of crimes associated with a scheme to defraud the Medicare and Medicaid programs through a hospice provider of which respondent was the founder, coadministrator and co-owner. In executing his plea, respondent made several admissions, including that he participated in a scheme to defraud Medicare and Medicaid through materially false and fraudulent pretenses, representations and promises to obtain money for the payment of health care services and benefits; that respondent knew that the hospice provider used improper criteria and failed to comply with Medicare and Medicaid standards; that he regularly billed those entities for medically unnecessary services and despite his lack of background as a medical provider; and that he agreed that patient records should be altered to conceal the scheme and respondent later signed letters attesting to the accuracy of each file, despite knowing that such statements were false. As a consequence, the Supreme Court of Illinois thereafter accepted respondent's disciplinary resignation in that state and, in March 2017, respondent was sentenced to, inter alia, 6½ years' incarceration and restitution in the amount of $9 million upon his guilty plea. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now accordingly moves to either strike respondent's name from the roll of attorneys due to his commission of a felony offense, or to impose discipline upon respondent as a consequence of his commission of a serious crime, or upon the finding of professional misconduct made against him in Illinois. Respondent has not responded to AGC's motion.
Following an attorney's conviction for a felony — which is either a felony offense committed in New York or a crime committed outside of New York that would constitute a felony if committed in this state (see Judiciary Law § 90 [4] [e]) — the attorney is no longer competent to practice law (see Judiciary Law § 90 [4] [a]). Accordingly, "a motion by AGC upon an attorney's felony conviction only seeks to strike the attorney's name from the roll of attorneys" (Matter of Chesebro, 231 AD3d 1473, 1475 [3d Dept 2024]). While the foreign felony need not be a mirror image of the New York felony, both felonies must have essential similarity, which is determined through a comparison of the language of the applicable statutes, as well as any records from a respondent attorney's proceedings before the foreign jurisdiction's judicial forum (see Matter of Chesebro, 231 AD3d at 1475-1476; Matter of Hand, 164 AD3d 1006, 1008-1009 [3d Dept 2018]).
Respondent pleaded guilty to one count of the federal felony of health care fraud, which [*2]makes it a crime for a person who "knowingly and willfully executes, or attempts to execute, a scheme or artifice — (1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services" (18 USC § 1347 [a]). AGC argues that respondent's federal conviction for health care fraud is essentially similar to a violation of New York's Penal Law § 177.20, a class C felony, which requires not only satisfaction of the elements of Penal Law § 177.05, but additionally requires that "the payment or portion of the payment wrongfully received, as the case may be, from a single health plan, in a period of not more than one year, exceeds [$50,000] in the aggregate."
Here, count five of the indictment, to which respondent pleaded guilty, states that he and his codefendants knowingly and willfully executed a fraud scheme by submitting and causing to be submitted to Medicare's contractor a false claim, specifically, that services provided to a specific patient beginning on May 6, 2010 through May 8, 2010, qualified for reimbursement at the general inpatient level of hospice care. Moreover, respondent's plea agreement states the government's position that the scheme caused a loss of at least $9.5 million to Medicare, but less than $25 million. Likewise, the government argued at respondent's sentencing that approximately $20 million was improperly paid by Medicare for general inpatient claims. Although it is not disputed within the record that respondent knowingly and willfully submitted a false claim to a Medicare contractor concerning a specific patient and received a payment from a Medicare contractor for services performed between May 6 and 8, 2010, it is unclear from the record whether the sum paid by the Medicare contractor as to that specific patient exceeded $50,000. While AGC correctly asserts that essential similarity may be "established by looking beyond the elements and wording of the out-of-jurisdiction felony and to respondent's conduct in the commission of the out-of-jurisdiction crime" (Matter of Philwin, 108 AD3d 129, 132 [1st Dept 2013]; see Matter of Chesebro, 231 AD3d at 1475-1476; Matter of Hand, 164 AD3d at 1007-1008), the sums paid to the hospice provider as a consequence of the fraudulent claims appear only in the context of sentencing, thereby indicating that such sums served only as an aggravating factor or as a basis for restitution, as opposed to a sum earned specifically from payments made as to the specific patient. Accordingly, we conclude that 18 USC § 1347 is not essentially similar to Penal Law § 177.20 and deny that part of AGC's motion seeking to strike respondent's name from the roll of attorneys as a consequence of his federal felony conviction.
We next consider whether [*3]respondent's plea allocution to the federal felony of health care fraud establishes his commission of a "serious crime," which is defined as "any criminal offense denominated a felony under the laws of any state . . . or of the United States which does not constitute a felony under the laws of this state, and . . . a necessary element of which . . . includes . . . misrepresentation, fraud, . . . deceit, . . . an attempt or conspiracy or solicitation of another to commit a serious crime" (Judiciary Law § 90 [4] [d]). Based on a plain reading of the federal statute that respondent pleaded guilty to, we conclude that it meets the definition of a serious crime in this state, as said statute contains a material element of fraud or misrepresentation (see Judiciary Law § 90 [4] [d]), specifically the requirement that the scheme serve to defraud a health care benefit program, by receipt of payment from a health care program under false or fraudulent pretenses (see e.g. Matter of Chesebro, 231 AD3d at 1477; Matter of Farrace, 173 AD3d 1422, 1422 [3d Dept 2019]; Matter of DeMelo, 162 AD3d 1303, 1304 [3d Dept 2018]). We likewise conclude that respondent's conviction has been finalized by the imposition of, among other penalties, a term of incarceration that was entered in March 2017. Given these facts, as well as the fact that respondent is on notice by the instant motion that AGC seeks the imposition of final discipline, but he failed to respond, we next consider whether censure, suspension or removal is warranted pursuant to Judiciary Law § 90 (4) (g) (compare Matter of Adler, 211 AD3d 1166, 1167 [3d Dept 2022], with Matter of Daly, 43 AD3d 1269, 1269 [3d Dept 2007]).
As to the imposition of discipline, AGC seeks respondent's disbarment, which it argues is appropriate when a lawyer engages in serious criminal conduct which, among other things, involves intentional fraud, misrepresentation or false swearing (see ABA Standards for Imposing Lawyer Sanctions standard 5.11 [a]). We also take note of various other aggravating factors cited by AGC, including that respondent's fraudulent scheme was fueled by his dishonest and selfish motive (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b]) in order to increase monetary gain to the hospice provider business and to respondent himself, and that the scheme was perpetrated over several years and by multiple offenses (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c]), including by the submission of false Medicare and Medicaid claims and the alteration of patient files, which was done to conceal his misconduct. Lastly, we note that respondent's conduct is further aggravated by his failure to properly and timely report both his conviction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [a]), and his interim suspension and disbarment in Illinois (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Further, as respondent has not responded to AGC's motion, he has [*4]not submitted any factors in mitigation. Given the totality of the circumstances, and in order to protect the public, maintain the honor and integrity of the profession, and deter others from committing similar misconduct, we grant AGC's motion and disbar respondent, effective immediately (see e.g. Matter of Adler, 211 AD3d at 1166-1167; Matter of Cooper, 122 AD3d 1057, 1057 [3d Dept 2014]; Matter of Kerekes, 95 AD3d 1431, 1432 [3d Dept 2012]; Matter of Daly, 43 AD3d at 1269-1270). Given this disposition, we dismiss as academic the remainder of AGC's motion.
Egan Jr., J.P., Clark, Lynch, Fisher and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part consistent with this decision; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).